QUEEN OF ARKANSAS INSURANCE COMPANY *v.* COOPER-CRYER COMPANY.

Opinion delivered December 17, 1906.

INSURANCE—FORFEITURE—WAIVER.—A stipulation in a policy of fire insurance that the policy shall cease on default in payment of the premium note may be shown to have been subsequently waived by extension of the time of payment and acceptance of payments thereon.

Appeal from Pulaski Circuit Court; *Edward W. Winfield,* Judge; affirmed.

*A. W. Files* and *Carmichael, Brooks & Powers,* for appellant.

1.   Placing the most favorable construction upon the testimony introduced by plaintiff, the Shaws were in arrears when the fire occurred. The conditions in the note were a part of the policy, and a breach of its conditions was a breach of the conditions of the policy.   93 S. W. (Ark.), 752; Vance on Ins. 237. There was no substantial compliance with the clause with reference to keeping a set of books.   Such a set of books should be kept as will show from the inventory and cash sales the specific goods sold, in order to arrive at the goods on hand at the time of the fire.   95 S. W. 481.   Where it is not shown that the agent has other authority than soliciting insurance and collecting the premiums therefor, it can not be presumed that he had authority to waive a forfeiture in the matter of transfer of property and assignment of policies.

2. It is provided in the note that the contract of insurance is to be considered null and void so long as the note or any part of it remains unpaid. Hence the first instruction was erroneous. *Supra.*

3. The second instruction was erroneous in that there was no evidence that the company waived the transfer of the policy, and because it does not inform the jury what would amount to a waiver.

4. The court erred in instructing the jury that it was for them to say whether Young was authorized by the company to waive the provision requiring indorsement of the transfer on the policy. 75 Ark. 25.

*J. H. Harrod,* for appellee.

1. The note introduced by the company shows credits of $1.00 per week for three weeks next preceding the fire, and Shaw testified that the agent agreed to extend the payment to July 12. It is immaterial that the agent was without authority to extend the note, since the company ratified his act by accepting payments and crediting them on the note.

2. The jury, after being properly instructed, found that Young had authority to bind the company by waiving the provision requiring indorsement of the transfer of the policy.

3. Appellant's abstract fails to show that proper books were not kept.

HILL, C. J. This was an action on a fire insurance policy issued to B. G. Shaw, by him alleged to have been transferred to George Shaw, and after fire destroyed the property insured, a stock of goods, assigned by George Shaw to appellee. After judgment against the insurance company, it appealed.

1. The insurance company took a premium note, which was past due when the fire occurred, and it contained the usual stipulation that the insurance should cease if note became overdue. Appellee relied upon waivers of various clauses of the policy and claimed an extension of the note, and these questions went to the jury under proper instructions. It is insisted that the verdict is without evidence to support it and that question turns on the capacity of the agent, Young, to bind the company by his waivers, knowledge or conduct in the several matters in issue.

There was evidence tending to prove that Young extended time of payment of the note until a date beyond the fire, that he permitted payment of $1.00 per week to be made upon the note before the new due date; and suggested this method of paying it out; that he had knowledge of and consented to B. G. Shaw selling out to George Shaw, and accepted payments from George Shaw with the knowledge of the transfer of ownership. Thirteen receipts were issued by Young for $1.00 each, and three of these were indorsed on the note, and all credited on the books of the company, and all of these payments were after original due date of the note. Young's name appears on the policy as solicitor. He testifies that he was city collector for appellant, and its agent for the purpose of writing insurance. It was shown that he solicited the insurance, wrote the application, delivered the policy, took the note, extended the time thereof, collected thirteen payments on it after its due date, credited part on note and all on the books of the company, and issued receipts therefor. The court submitted the question to the jury under this instruction:

"It is for the jury to say from all the facts and circumstances in the case whether Young was authorized by the company to waive the provision requiring indorsement of the transfer of the policy. In determining this question, the jury may consider Young's entire connection with the transaction."

The court will not disturb a verdict on this evidence, and under it the company is bound by the acts of its agent in consenting to the transfer and by the waivers alleged. *German-Am. Ins. Co.* v. *Harper,* 75 Ark. 98; *Fidelity Mut. Life Ins. Co.* v. *Bussell,* 75 Ark. 25; *People's Fire Ins. Co.* v. *Goyne,* 79 Ark. 315.

2. The court submitted to the jury, under a correct instruction given at instance of appellant, that the policy required a substantial compliance with its terms by both parties, and a failure to keep a set of books as contemplated by the policy would not be a substantial compliance and would avoid the policy. The books were submitted to the jury, and Shaw examined fully as to his method of keeping them and what they showed. It was for the jury to say whether they answered substantially the requirements of the iron safe clause, and there is evidence to sustain the finding that they did. The change in the rule on that subject by

Kirby's Digest, § 4375a, has just been recently considered in case of *Security Mutual Ins. Co.* v. *Berry, ante,* p. 92.

3.   Other questions are presented and have been considered, but no matter of moment is raised which is not included in the discussion of the foregoing questions.

Finding no error, judgment affirmed.