PLANTERS' MUTUAL INSURANCE ASSOCIATION v. HAMILTON.

Opinion delivered November 4, 1905.

1. APPEAL—QUESTION NOT RAISED BELOW.—In an action on a policy of fire insurance defendant cannot on appeal rely as a defense upon the fact that the policy was assigned without its consent if no such defense was pleaded below. (Page 29.)

2. FIRE INSURANCE—FORFEITURE—INCUMBRANCE.—The incumbrance of a vendor's lien on insured property does not work a forfeiture of a policy of fire insurance, under a stipulation that the policy shall be void "if the interest of the person be other than unconditional and sole ownership, or if the subject of the insurance be a building on ground not owned by the insured in fee simple." (Page 30.)

3. SAME—WHEN PROOF OF LOSS WAIVED—Proof of loss of the insured property is waived where the insurer denied any liability on the alleged ground that the assured burned the property. (Page 30.)

4. SAME—RIGHT TO TIME TO FURNISH PROOF OF LOSS.—Where the assured furnished proof of loss within twelve days after loss, and no objection thereto was made by the insurer until within a day or two before the expiration of the sixty days allowed for furnishing the proof, the assured was entitled to further reasonable time, after notice of the alleged defects, to complete the same. (Page 30.)

5. APPEAL—WAIVER OF EXCEPTIONS.—Exceptions to the introduction of evidence are waived where they were not brought forward in the motion for new trial. (Page 31.)

Appeal from Pulaski Circuit Court; EDWARD W. WINFIELD, Judge; affirmed.

*W. R. F. Paine* and *J. W. & M. House,* for appellant.

The act of the local soliciting agent, who was only empowered to procure applications for insurance and forward the same to the company, in authorizing the assignment of the policy after

its delivery to plaintiff, was without authority, did not bind the company, and violated the policy.   54 Ark. 75.

Notice of loss and inventory of the property was not given, and the proof of loss was not given as required by the contract, nor within the time prescribed.   4 Joyce on Insurance, § § 3280, 3267; 85 Mo. 289; 27 Atl. 154; 72 Ark. 484.   The fact of waiting until the result of the charge that the plaintiff had burned the store was ascertained was not a waiver of the notice.   4 Joyce on Insurance, § 3356; 67 Iowa, 388.   Mere silence does not constitute a waiver.   4 Joyce on Ins. § 3361; 12 Iowa, 126.

.Failure to comply with the conditions of the policy sued on avoids it.   3 Joyce on Ins. 2033; May on Ins. 156-184; Wood on Ins. 449; 36 N. Y. 111-113; 169 Ill. 626; 49 Mo. App. 12; 60 Ill. App. 39; 53 Ark. 353.

All stipulations and conditions in the body of an insurance policy are warranties, and must be strictly complied with.   53 Miss. 1; 62 Mo. App. 209; 13 N. J. L. 110; 58 Ark. 565.   Defendant had a right to impose such terms as it saw proper, and when the contract was written, and accepted by the plaintiff, he was charged with notice of its contents, and bound by its terms.   2 Joyce on Ins. § 488; 47 N. W. 149; 58 Ark. 277; 62 Ark. 43; 58 Ark. 565.

*Pugh & Wiley,* for appellee.

The policy not having expressly provided that the failure to give notice and inventory will forfeit it, the courts will not declare a forfeiture.   May on Ins. (3 Ed.), § 461; 72 Ark. 484.   If there was a provision forfeiting the policy for failure to give notice, appellant waived such forfeiture by requesting further proofs, by receiving oral notice without objection, and having its adjuster make offers of settlement.   May on Ins. (3 Ed.) § 404.   Immediate notice of defective proofs must be given.   If the company refuse to point out defects and afford proper facilities for correction of proofs, the imperfections are waived.   May on Ins. (3 Ed.), § 469, B, and citations.

Refusal to settle on other grounds, waives proof of loss.   53 Ark. 494, 501; May on Ins. (3 Ed.), § 469.

The failure to keep the set of books stipulated for in the policy was not pleaded in the lower court, and cannot be heard here.

McCULLOCH, J. This is an action brought by appellee, L. D. Hamilton, against appellant in the circuit court of Pulaski County to recover the amount of two policies of insurance issued to him by appellant, one for $200 upon his stock of merchandise and $600 on frame store building, and the other for $300 on stock of merchandise. The policies were issued on December 1, 1902, and March 21, 1903, respectively, and the property was destroyed by fire on May 27, 1903. The plaintiff alleged in his complaint that he had fully complied with all the requirements of the policy.

The defendant, among other defenses, pleaded that the loss was caused by the wrongful act of the plaintiff in setting fire to his property, or causing it to be done, and much testimony, *pro* and *con,* was introduced upon this issue. There was sufficient testimony to have warranted a finding either way on that question, and it must be treated as finally settled by the verdict of the jury in favor of the plaintiff.

Learned counsel for appellant contend that the policy on the building was void because, as they now allege, it was assigned to W. H. Taylor before the fire, without the knowledge or consent of the company. The facts appear to be that appellee was indebted to Taylor for the purchase price of the lot on which the building was situated, and soon after the issuance of the policy one Davis, a soliciting agent for appellant, attached to the policy a clause providing that "any loss that may be ascertained and proved to be due the assured under this policy shall be payable to W. H. Taylor as his interest may appear, to $200." This was signed "Thos. H. Davis, Agent."

The testimony was uncertain as to whether the company actually received notice of this clause having been attached to the policy. Davis testified that he sent notice thereof by a messenger to the home office of the company, and Taylor testified that he called at the office before the fire, and, upon inquiry, a lady in charge of the office informed him that the clause had been indorsed upon the record of the policy. Appellant introduced no proof on the subject.

If we hold that the proof failed to show notice of this clause to the proper officers or authorized agents of the company, and that it constituted an assignment by the insured (which we do

not deem it necessary to decide now), still it was not pleaded below, and cannot be insisted upon here. The case cannot be determined here upon issues which were not properly raised and relied upon below. *Greenwich Ins. Co. v. State,* 74 Ark. 72. It was not set forth as a defense in the answer, and no instructions were asked or given on the subject.

It is alleged in the answer that W. H. Taylor "held a vendor's lien upon said property in a large sum of money," which was alleged to be in violation of the following clause of the policy, viz.: "This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void * * * if the interest of the person be other than unconditional and sole ownership, or if the subject of the insurance be a building on ground not owned by the insured in fee simple." Learned counsel for appellant do not argue here that the incumbrance of a vendor's lien works a forfeiture under this clause of the policy. It is well settled that it does not. 1 May on Ins. § 287 C.; Kerr on Ins. § 151; Ostrander on Ins. § § 71, 72.

It is urged that appellee failed to furnish proof of loss within the time required by the policy, and that this prevents recovery. It is sufficient to say that the company denied liability, and refused payment on the alleged ground that appellee burned the property. This was a waiver of proof of loss. "Under such circumstances, the presentation of proof was of no consequence, and practically superfluous." *German Ins. Co. v. Gibson,* 53 Ark 494, and cases cited.

It appears, however, from the evidence that appellee fully complied with the terms of the policy in this respect. He furnished proof in twelve days after the loss, and no objection thereto was made by the company until within a day or two before the expiration of the sixty days allowed for furnishing the proof. Under those circumstances, the insured was entitled to further reasonable time after notice of the alleged defects in the proof to complete same. The notice to appellee at that time called for an exhibition of his books and inventory, and he immediately complied by producing the same, whereupon payment was refused by the company for the alleged reason that he had burned the property. This state of facts presents no defense to the action.

Counsel contend that appellee cannot recover on account of failure to comply with the "iron safe clause" of the policy by keeping a set of books sufficiently complete. This defense was not tendered by the answer, and cannot be considered here. No instructions were asked or given on this subject, and this issue was in no way submitted to the jury.

It was earnestly contended in the oral argument that the court erred in permitting the plaintiff to introduce in evidence the record of a justice of the peace, showing that he was examined by said justice on a charge of arson committed by burning the insured property, and was discharged. This proof was introduced in response to proof introduced by appellant showing the arrest of appellee on that charge. The exceptions taken by the appellant at the trial to the introduction of this evidence were not brought forward in the motion for new trial, and are, therefore, deemed to have been waived.

Upon the whole record, we find no error, and the judgment is affirmed.