AMERICAN INSURANCE COMPANY *v.* DANNEHOWER.

Opinion delivered January 25, 1909.

1. FIRE INSURANCE—WAIVER OF PROOF OF LOSS.—Forfeiture of a fire insurance policy for failure of insured to furnish proof of loss within 30 days after fire will be deemed waived where insured immediately notified the company of the loss and attempted to have it adjusted, and the company entered into negotiations looking to that result and treated the claim as pending on its merits. (Page 113.)

2. SAME—SOLE AND UNCONDITIONAL OWNERSHIP.—That a fire insurance policy is void for want of sole and unconditional ownership of the insured premises is not established by evidence that the land was sold for taxes if the tax sale was void for failure of the clerk to record the delinquent tax list until the day of sale. (Page 115.)

3. APPEAL—HARMLESS ERROR.—Appellant cannot complain that an instruction was more favorable to it than should have been given. (Page 116.)

Appeal from Mississippi Circuit Court, Osceola District; *Frank Smith,* Judge; affirmed.

STATEMENT BY THE COURT.

This is the case as shown by appellant's abstract:

The complaint alleges that Nora Brown was the owner of the property insured, in Osceola, Arkansas, on April 28, 1906, at which time the American Insurance Company issued her a policy on her dwelling for $700. That upon March 16, 1907, the property was destroyed by fire. That J. H. Dannehower, at the time the policy was issued, held a mortgage on the place for $400, and there was a loss clause made payable to him as mortgagee. That the plaintiffs had complied with all the requirements and conditions of the policy, except the furnishing of a proof of loss within thirty days, as required in the policy, but that that had been waived by the defendant.

The answer denied that Nora Brown was the owner of the property on April 28, 1906, or at the time of the fire, but that the company issued a policy, relying upon the fact that the property was hers. That at the time the policy was issued, and also when the fire occurred, she was not the owner of the property, inasmuch as the same had been sold for taxes, and more than two years had expired after said sale and after the right of redemption had expired. That neither Nora Brown nor Danne-

hower furnished a proof of loss within thirty days after the fire, as required by the terms of the policy, and that neither notified the company at once, after the fire occurred, of said loss, as required by the terms of the policy, and that there had been no waiver thereof on the part of the defendant. That the plaintiff represented to the defendant, at the time the policy was issued, that the value of the said house was about $1,000, thus voiding the policy because of a misrepresentation as to the value of said building. That one of the conditions of the policy was that in case of loss the defendant should only be liable for the actual value of the property insured, after deducting the depreciation of the same, and that the property insured was of not greater value than $400 and, less the depreciation, it did not exceed in value the sum of $350.

The facts necessary to a proper understanding of the questions of law involved are sufficiently stated under appropriate headings in the opinion.

There was a jury trial, which resulted in a verdict for the plaintiffs for the full amount sued for, $700, with interest. Judgment was entered accordingly, with 12 per cent. penalty, and $150 attorney's fees.

The insurance company has duly prosecuted an appeal to this court.

*C. P. Harnwell,* for appellants.

1.   No proof of loss was filed with the company within thirty days after the fire as required by the terms of the policy. Such failure voids the policy. 77 Ark. 84; 84 Ark. 224; 12 Ark. 382; 87 Ark. 171; 88 Ark. 120.

2.   The policy was voided because Nora Brown was not the sole and unconditional owner in fee simple of the property insured. 63 Ark. 187; 67 Ark. 584; 72 Ark. 51; 77 Ark. 57; 10 Fed. 232; 26 Am. Rep. 364; 55 Ill. 275.

3.   The second instruction given by the court is erroneous in that it contravenes the statute in telling the jury that they might find for the cash market value of the building at the time of the loss, but that if they found for the full amount of the policy they should add interest and 12 per cent. penalty. Kirby's Digest, § 4375.

4. Because of gross misrepresentation as to the value of the building insured, the policy is void. 82 Ark. 400.

*J. T. Coston,* for appellee.

1. Where the insured is led to believe, by the actions, conduct, and promises of the insurer to adjust his claim, that formal proof of loss will not be required, the insurer will be held to have waived the requirements of the policy in that respect. 53 Ark. 500; 35 La. 99; 102 Pa. 568; 104 S. W. (Ark.) 202; 1 So. 206; 60 Mo. App. 514; 10 Hun, 402.

2. A copy of the list and notice of sale of delinquent lands is no evidence of a sale, but only that they would be sold unless redeemed before the day of sale. The alleged sale is void, the county clerk's certificate having been made out the day of sale. 86 S. W. 426.

3. Where, as in this case, the agent, who has had experience in real estate dealings and is acquainted with real estate values in the locality, makes a personal inspection of the property proposed for insurance, and, acting on his own judgment, issues the policy for the amount, there can be no substantial claim of misrepresentation, and especially none where the insured did not tell him what the building did or would cost, but only what she thought it would cost. This was a mere expression of opinion, not amounting to a warranty. 52 S. W. 836; 33 Fed. 545.

4. There is no error in the second instruction, unless it be erroneous in allowing the jury to find for the cash market value of the building, instead of the full amount of the policy. It was an error, if at all, in favor of appellant, and of which it cannot complain.

HART, J., (after stating the facts.) Four propositions of law are relied upon for a reversal of the judgment and a dismissal of the cause.

1. It is insisted that no proof of loss was filed with the company within thirty days after the fire as required by the terms and conditions of the policy.

Appellees admit this, but say that the proof of loss was waived by the company. The facts relied upon to constitute a waiver are as follows: J. H. Dannehower testified: "Plaintiff called on me the next day after the fire to look after the collection

of the insurance.    I requested Mr. Hale, the local agent, to take
it up with the company, which he did right away.    I had some
correspondence with the company—two or three letters.    I don't
think this was more than ten or fifteen days after Mr. Hale wrote
to them.    They kept saying and writing to Mr. Hale that they
would send an adjuster to adjust the matter.    Mr. Smith was
here, and he said he was here for the purpose, but was waiting
for the papers.    He told me that he was going to Blytheville, and
that probably by the time he got back the papers would be here.
The papers referred to were papers from the insurance company.
This was a short while after the fire.    Smith is an insurance agent
from headquarters.    When Mr. Hale would receive a letter from
the company, he would show it to me.    I did not make out a
regular proof of loss because they led me to believe all along that
they were going to settle it; said just as soon as they had a chance
they were going to send a man over and adjust the loss.    They
sent Mr. Miles, who went on the premises and made an investiga-
tion.    He did not ask me for any proof of loss or make any
mention of it; only asked me how much Nora Brown owed me,
and I gave it to him.    He is the man that came especially to look
after the settlement of this insurance, and after we walked
over the place I gave him the amounts Nora owed me.    He told
me he would go to the bank and telephone J. B. Driver to come
down and settle the matter up.    Driver was the president of the
company.    He asked me the amount that Nora Brown owed me,
and I told him, and he said that he would have to pay me, but
they were not going to pay Nora Brown anything.    I said, 'Well,
you needn't pay me unless you pay the whole thing.    I won't
take part of the money and not get it all.'    He said they were not
going to pay the negroes anything; wouldn't pay them anything if
it wasn't for me.    He said they would have to pay me.    That is
just what he said, and that Mr. Driver would be down and settle
with me as he said he would, but Mr. Driver never did come.
During all this time they never even mentioned proof of loss to
me.    I received from the insurance company the following letter:

" 'Little Rock, Arkansas, June 3, 1907.
" 'Mr. J. H. Dannehower, Osceola, Ark.

" 'Dear Sir: Replying to your favor of the 29th ultimo in
reference to the so-called claim under policy No. 2782, beg to ad-

vise that this company has the same under investigation.

> "'Yours very truly,
>
> "'American Insurance Company,
>
> "'E. Miles, Sec'y.'"

The conversation with Miles occurred more than thirty days after the fire. It is admitted in one of the letters of the company that Smith had authority to adjust fire losses.

"So far as objection might be made on the ground that the notice or proofs are not furnished within the time specified by the policy, any conduct on the part of the company or its authorized agents which has induced or necessitated delay in giving notice or furnishing proofs so that they can not reasonably be given or furnished within the required time will constitute a waiver of the delay." 19 Cyc. 865.

In the case of *German Insurance Co.* v. *Gibson,* 53 Ark. 494, this court held: "Forfeitures are not favored in law; and any agreement, declaration or course of action on the part of an insurance company which leads a party insured honestly to believe that by conforming thereto a forfeiture of his policy will not be incurred, followed by conformity on his part, will estop the company from insisting upon the forfeiture."

In the case of *Burlington Insurance Co.* v. *Lowery,* 61 Ark. 108, it held that proof of loss under a fire policy may be waived by parol, though the policy requires a waiver to be in writing.

In the present case the evidence shows that appellees at once caused the company to be notified of the loss and attempted to have it adjusted. The company entered into negotiations with them looking to that result, which were continued until long after the thirty days had elapsed. The company all the while treated the claim as pending for adjustment on its merits, and we think the evidence was sufficient for the jury to find that the proof of loss was waived.

2. Counsel for appellant contends that the policy is void because Nora Brown was not the sole and unconditional owner in fee simple of the property insured, as required by the terms of the policy. This contention is based upon the assumption that the record shows a sale of the lot on which the house in question stood in 1902 for the taxes of 1901. The only record evidence touching the tax sale is a copy of the list and notice of

sale of lands delinquent. This does not show a sale. The taxes may have been paid before the day of sale. Even if there was a sale, it was void because the record shows that the county clerk's certificate was made and recorded on the day of sale. *Townsend* v. *Penrose*, 84 Ark. 316, and cases cited; *Hunt* v. *Gardner*, 74 Ark. 583.

3. Counsel for appellant insist the policy was void because of the gross misrepresentations of the insured as to the value of the house. They rely upon the case of *Capital Fire Ins. Co.* v. *King*, 82 Ark. 400. In that case the court held that by the terms of the policy there was an express warranty that the house cost a certain amount, which was not true, and for a breach of this warranty the policy was rendered void. In the present case there was no warranty of the cost of the building, and the question of false representations was submitted to the jury under proper instructions, and their verdict is binding upon us.

4. Counsel for appellant contends that the court erred in giving instruction No. 2 to the jury. It reads as follows: "In the event you find for the plaintiff, your verdict will be for the cash market value of the building at the time of the loss, not exceeding the face of the policy, together with six per cent. interest; and if you find for the full amount of the policy, you will also add to the principal and interest twelve per cent. of the principal as damages."

The objection urged to this instruction is that the jurors were told that their verdict could not exceed the "cash market value of the building," instead of the full amount of the policy. In that respect it was more favorable to appellant than it was entitled to under the law. Of that it cannot complain.

Sec. 4375 of Kirby's Digest provides that in case of a total loss by fire in case of buildings the insured shall recover for the full amount stated in the policy.

Finding no prejudicial error in the record, the judgment is affirmed.