FIREMEN'S INSURANCE COMPANY *v.* HAYS.

Opinion delivered May 21, 1923.

1. INSURANCE—WAIVER OF FORMAL PROOF OF LOSS.—Where a fire insurance company, by an authorized agent, requested an estimate of the cost of replacing a building which had been destroyed by fire, and received such estimate and delivered it to its adjuster, it will be held to have waived the formal proof of loss required by the policy.

2. INSURANCE—AUTHORITY TO WAIVE PROOF OF LOSS.—An insurance company, by vesting its agent with authority to make request for and to receive estimates of the cost of replacing buildings and to issue and deliver policies, conferred apparent authority to adjust losses and waive proof of loss.

3. INSURANCE—WAIVER OF PROOF OF LOSS.—Where an insurance company dealt with the mortgagee of property destroyed by fire

as the party in interest by attempting to adjust the loss with him, it cannot thereafter, in an action on the policy, avoid liability upon the ground that the mortgagor to whom the policy was issued had failed to make proof of loss as required by the policy.

4.  INSURANCE—WARRANTY AS TO USE OF PREMISES—WAIVER.—Insurance agents possessing the power to issue policies and collect premiums may waive warranties therein as to title, character and occupation of the property insured by accepting applications for insurance, delivering the policies and collecting the premiums; and where an agent, at the time he received an application for a policy, collected the premium and delivered the policy, knew that the building was constructed for a hall and was used as such, the insurer was bound by such knowledge, and cannot insist upon a forfeiture because the policy was intended to cover a dwelling house.

Appeal from Cross Circuit Court; *W. W. Bandy,* Judge; affirmed.

*Roscoe R. Lynn,* for appellant.

The insurance company had the right to fix the terms and conditions upon which it would insure appellee, without interference from the courts in varying them. 65 Ark. 295; 142 Ark. 374; 122 Ark. 219. There was no waiver of proof of loss which was not dispensed with. 67 Mo. App. 76; 108 Ark. 261. Can be no waiver after time for furnishing has expired. 88 Ark. 120. No action on part of representatives of the company calculated to mislead insured. Proof does not bring case within rule announced in 87 Ark. 171; 122 Ark. 380. The agent made no representations that he had authority to adjust the loss, and had no such authority. 36 N. E. (N. Y.) 191. The refused peremptory instruction and instruction No. 8 raised this question. The court erred in refusing appellant's requested instruction No. 9. Clement on Insurance, 209, rule 20; 145 Fed. Rep. 77; 14 R. C. L., § 506; 1 Clement on Insurance, 26, rules 16 and 17; same, 380, rule 25. Mortgagee may make proof of loss, under certain conditions. 14 R. C. L., § 264; 1 Cooley Insurance 776. This is dwelling house policy, and there was no waiver of the different character of

occupancy. Vacancy of building in violation of terms
rendered policy void. 119 Ark. 597. The court erred in
giving appellee's instructions 4 and 6 and in refusing
appellant's request for instructions 6, 11, 13 and 15, sub-
mitting its theory of the case. The jury were misled by
instructions 1 and 2, given on the court's own motion.

*Mann & Mann,* for appellee.

Loss payable clause gave mortgagee an interest in
policy, and it was not required to furnish proof of loss.
175 Ill. 115, 51 N. E. 717; 44 Fla. 568, 33 So. 473; 115
Mo. App. 21, 90 S. W. 747. Mortgagee not bound by
conditions of policy not referred to as incorporated in-
to the mortgage clause. 47 Neb. 717, 36 L. R. A. 673;
55 L. R. A. (Wash.) 165; 76 Miss. 702, 26 So. 691. Con-
tract construed most strongly against insurer. 113 Ark.
174. Mortgagee has right to make proof of loss, though
not required to do so. 14 R. C. L. 1336; 196 Mass. 230,
13 Ann. Cas. 433; 14 L. R. A. (N. S.) 436; 13 Ann. Cas.
433; 14 L. R. A. (N. S.) 436; 80 Me. 100, 12 Atl. 880;
94 Md. ˙545, 51 Atl. 184. Mortgagee authorized by in-
sured to settle loss for him. Letters sufficient to lead
it to believe no proof· of loss necessary. 128 Ark. 528.
Local agent, having power to issue policies and collect
premiums, has apparent authority to adjust losses and
waive proof of loss. 100 Ark. 212; 122 Ark. 357; 151
Ark. 561. Instruction 4 properly stated law on this
point. Policy for dwelling house not avoided because
house of different kind insured. Agent of insurance com-
pany was notified of fact when policy was issued, and
question submitted to jury in instruction 6. 81 Ark.
508; 63 Ark. 187; 88 Ark. 507; 65 Ark. 64; 39 L. R. A.
789; 79 Ark. 315; 128 Ark. 528; 108 Ark. 261. Not nec-
essary for building to be kept occupied as a dwelling.
52 L. R. A. (N. J.) 344.

*Roscoe R. Lynn,* in reply.

No mortgage clause contained in this policy, as in
those of cases cited by appellee. Nothing as "loss pay-

ee'' clause to show appellee was a mortgagee.  R. C. Dalton was not an agent of the local agent at Wynne.

HUMPHREYS, J.  Appellees instituted suit against appellant in the circuit court of Cross County to recover $600 and interest, the face value of a fire insurance policy, and statutory penalty of $72, and a reasonable attorney's fee.  The policy was issued by appellant to appellee, Charlie Hays, and contained a loss payable clause in favor of appellee, Wilkinson & Carroll Cotton Company, as its interest may appear.  Wilkinson & Carroll Cotton Company held a mortgage from Charlie Hays on the property.  It was alleged that on or about April 1, 1921, during the life of the policy, the building was totally destroyed by fire; that appellee, Charlie Hays, was indebted to the Wilkinson & Carroll Cotton Company in the sum of $880 and interest secured by mortgage upon said property; that, in addition to the right of recovery on the policy, appellees were entitled to recover twelve per cent. penalty and a reasonable attorney's fee.  Appellant filed an answer denying any liability under the policy upon the ground, first, that appellees failed to furnish proof of loss; second, that the building was insured as a dwelling, when it was a hall; third, because the building was unoccupied and vacant prior to and at the time it burned, contrary to certain provisions in the policy.

The cause was submitted upon the pleadings, testimony introduced by the parties, and instructions of the court, which resulted in a judgment against appellant for $600 and interest, and penalty of $72 and an attorney's fee of $150, from which is this appeal.

Appellant's first insistence for reversal is that there was no waiver of failure to furnish proof of loss as required by the policy.  The policy contained a provision requiring written proof of loss by the insured if the building should be injured or destroyed by fire.  The loss clause specified what the written notice of loss should contain.  The written notice complying with the

loss clause was not given by either the insured or the mortgagee. Immediately after the fire the insured orally notified R. C. Dalton, the agent of appellant at Parkin, of the loss. The mortgagee, Wilkinson & Carroll Cotton Company, heard of the fire, and on April 1 and 4, 1921, notified the East Arkansas Land & Abstract Company, of Wynne, Arkansas, of the loss, and called its attention to the fact that the amount due on the policy was payable to it by special provision in the policy. The East Arkansas Land & Abstract Company was the agent of appellant with power to issue policies and collect premiums thereon. It issued the original and renewal policies to Hays on the property in question and delivered same to him through R. C. Dalton, who collected the premiums on both policies. When the land company received the letter of the cotton company notifying it of the fire, it replied claiming Hays had not paid the premiums on the policies, although pressed by them to do so. The letter contained the following paragraph:

"It will be necessary for some one to have a competent contractor to make an estimate of the cost of what it will take to rebuild the building, basing his figures on light material that was in the original building."

The cotton company immediately notified the land company that it had a receipt for the premium on the renewal policy, signed by R. C. Dalton. On the 16th day of April, 1921, the land company informed the cotton company that its representative, N. B. Martin, had made two unsuccessful trips to Parkin to see Hays, for the purpose of obtaining necessary information to report the loss of appellant. Martin visited the premises, saw the ash-pile, and made the following request of the cotton company: "If you have some estimate made showing the labor, material, etc., necessary to replace the building, also the date the fire occurred, so that proper report can be made to the company. I will endeavor to place this in line for adjustment." The cotton company

mailed the land company an estimate by a good firm of building contractors, showing the cost of labor, material, etc., necessary to replace the building, receipt of which estimate was duly acknowledged by the land company. The letter containing the acknowledgment also contained the following paragraph: "I have furnished the information to the adjuster, who has charge of this settlement. He was in Parkin last week, but at that time could find no one that lived in the house at the time of the fire, or any one that could give any information." Immediately after being notified of the fire, the land company sent appellant a regular form of notice of loss and mailed a copy thereof to its State agent, R. M. Smith, who resided at Fayetteville. R. M. Smith employed T. R. Smallwood, an independent adjuster residing at Little Rock, to visit Parkin and investigate the loss. He called at the office of the land company and examined all the correspondence between the cotton company and the land company, and took possession of the estimate of labor, material, etc., necessary to replace the building, which had been furnished the land company by the cotton com-. pany. The adjuster spent a day at Parkin, and visited the premises. He was unable to find Hays, and made no effort to see the cotton company, and made no request of either for further information concerning the loss.

We think the correspondence led the mortgagee to believe that appellant would adjust the loss and make a settlement without the necessity of making formal proof of loss under the loss clause in the policy. Appellant, through its agent, requested an estimate of the cost of replacing the building, from the mortgagee, accepted and placed same in the hands of its employed adjuster. The agent had the authority to make the request for and receive the estimate, for it had power to issue policies and collect premiums. By vesting this authority in its agent, appellant conferred apparent authority upon said agent to adjust losses and waive proof of loss. *Citi-*

*zens' Fire Ins. Co.* v. *Lord,* 100 Ark. 212; *Concordia Fire Ins. Co.* v. *Mitchell,* 122 Ark. 357; *National Union Ins. Co.* v. *Crabtree,* 151 Ark. 561. The facts in the instant case responsive to the issue of waiver bring it within the rule announced in *Liverpool & London & Globe Ins. Co.* v. *Payton,* 128 Ark. 528. In support of the rule and its application reference is also made to *National Union Fire Insurance Company* v. *Whitted,* 157 Ark. 515. Appellant insists, however, that under the terms of the policy the mortgagee of the property was simply an appointee to receive the loss, and that its rights were dependent upon whether the insured himself made proof of the loss, or was exempted therefrom by the conduct of appellant. It is unnecessary to determine the status of said mortgagee under the loss-payable clause in the policy, for, in the negotiations looking to settlement of the loss, appellant, through its duly qualified agent, treated the mortgagee of the property as a party in interest. After attempting to adjust the loss with the mortgagee, appellant cannot be heard to say said mortgagee was not a party to the contract, and that therefore the negotiations with it were of no effect.

Appellant's next insistence for reversal is that the policy covered loss by fire to a dwelling house only, and that the failure to occupy same for residential purposes avoided the policy by the express terms thereof, and that R. C. Dalton had no authority to waive warranty clauses relative to the occupation of the property as defined therein. The undisputed testimony showed that the building was constructed for a hall; that the upper part was leased to a lodge, and the lower part was used for public gatherings. Hays testified that he informed Dalton, when the first policy was written, that it was rented to and occupied by a lodge. R. C. Dalton was appellant's licensed agent, residing in Parkin at the time the policies were written. He received the application for the policies, forwarded them, and, when returned, delivered them and collected the premiums for them. The

undisputed testimony shows that he was endowed with authority to do this. Appellant was bound by such information as Dalton received during his employment concerning the character and occupation of the building. *Capital Ins. Co.* v. *Montgomery,* 81 Ark. 508. This court is committed to the doctrine that agents, possessing the authority Dalton had, waive warranties in policies relating to the title, character and occupation of the property insured by accepting applications for insurance, delivering the policies and collecting the premiums thereon. *State Mutual Ins. Co.* v. *Latourette,* 71 Ark. 242; *Phoenix Ins. Co.* v. *Amusement Co.,* 63 Ark. 187; *Phoenix Ins. Co.* v. *Fleming,* 56 Ark. 64; *Commercial Fire Ins. Co.* v. *Belk,* 88 Ark. 507; *People's Fire Ins. Assn.* v. *Goyne,* 79 Ark. 315. The issue of fact as to whether R. C. Dalton, the licensed agent of appellant, knew that the building was a hall at the time the policy sued upon was issued was submitted to the jury for determination by instructing them as follows: "If you find from the testimony that R. C. Dalton, at the time this policy was issued and delivered, knew that the property insured was not a dwelling, and that he received this information from the plaintiff at the time the policy was requested, this knowledge is the knowledge of the company, and the provision in the policy that the building should be occupied as a dwelling is waived."

Appellant is therefore concluded by the adverse verdict of the jury upon that issue. That being so, the warranty clauses in the policy governing vacancies and the character of occupation are eliminated under the doctrine of waiver. In this view of the case it becomes unnecessary to discuss the alleged infirmities of the instructions given or the refusal of the court to give instructions bearing upon these questions. The instructions submitting the issue of whether appellant waived written proof of loss were more favorable than appellant was entitled to. The court should have held, as a matter of law, that written proof of loss was waived

under the undisputed facts. In all other respects the issues were submitted to the jury under proper instructions.

No error appearing, the judgment is affirmed.