NATIONAL UNION FIRE INSURANCE COMPANY v. HALFACRE.

Opinion delivered February 6, 1928.

1. INSURANCE—PROOF OF LOSS.—A notice of a fire given by insured to a local insurance agent having power to issue policies and collect premiums, together with a list of the property lost, *held* sufficient compliance with the requirements of the policy and proof of loss, where the insurer made no complaint until the last day of the period within which the proof could be made.

2. INSURANCE—TIME TO FURNISH PROOF OF LOSS.—Where the insured reported a fire and gave a list of the property destroyed to the

local agent of the insurance company a few days after the fire, and no objection was made that the requirements of insurance policy for proof of loss were not met until the last day in which such proof could be furnished, insured was entitled to further reasonable time to complete the proof of loss.

3.  INSURANCE—TIME FOR FURNISHING PROOF OF LOSS.—Where a policy provided that proof of loss should be furnished within 60 days after destruction of the property, the proof was furnished within time when supplied within 60 days after cessation of the fire which consumed the property.

4.  INSURANCE—REQUIREMENT THAT INSURED SUBMIT TO EXAMINATION. —The requirement in a fire insurance policy that the insured submit himself for examination under oath does not contemplate such examination after the occurrence of the fire.

Appeal from Independence Circuit Court; *S. M. Bone,* Judge; affirmed.

### STATEMENT OF FACTS.

This appeal is prosecuted by the insurance company from a judgment rendered against it for the amount of the loss claimed to be due under its policy issued to appellee, with penalties and attorney's fees.

The answer of the defendant admitted the issuance of the policy to the plaintiff, insuring him in the sum of $550 on household goods and $250 on hay, grain, saddles, etc., in his barn, but denied any liability under the policy, because it had not been furnished with an itemized proof of loss, or any proof of loss at all, within 60 days from the date of the fire, as required by the terms of the policy; denied that the fire which caused the loss occurred on the 29th day of April, 1926, as alleged, and denied the right of plaintiff to maintain his action, because he had refused to submit to an examination under oath, according to the terms of the policy. The amendment to its answer alleged that the purported proof of loss was insufficient, and no such proof of loss as was required under the terms of the policy, setting out the alleged defects.

The testimony shows that the fire which destroyed the property started before midnight on the 26th day of April, 1926, and continued into the morning of the 27th; that appellee notified J. Rich, the agent who wrote and

delivered the policy to him, and was told by the agent that he had notified the company of the loss.

Rich asked him for a list of the property destroyed, and gave him one of his books to make the list on. Witness made the list of the stuff on the book and gave it back to the agent, who said it was all right, that he would notify the company, and an adjuster would be sent to see him, and about a week later Mr. Gumm, the adjuster, came out, and he had the list of property lost that witness had given to the agent. That the adjuster came to see him three times, offered him about one-half the amount witness claimed to have lost, and finally said the proof of loss was not satisfactory, and witness, on June 28, had his attorney to fix up a proof of loss which was sworn to by him and sent to the company by registered mail on that day.

The suit was brought on the 13th day of November, 1926, and appellee, a few days before the trial, on ................ day of ......................, 1927, refused, on the advice of his attorney, to undergo an examination under oath by the attorney representing the company in the lawsuit.

The insurance agent admitted that he wrote the policy, and was notified by the insured of the loss, and his record showed that he had notified the company, on April 30, of the loss, which had occurred on April 28, at 12:30 a. m. Said he did not tell insured that he had complied with the terms of the policy, but told him that he had already notified the company of the loss, and received a notice from them that they had turned the claim over to the Southwestern Adjustment Company, and that he either wrote to the adjustment company and received an answer or that the insured brought the adjustment company's letter and showed it to him.

The letter stated that he had not complied with the policy, and witness told him to get up his proof of loss, and he told him that had been done by Mr. Pickens at Newport, and he asked him what else he had to do. Witness told him that he had to furnish a proof of loss, and if he had done that, he did not know of anything else.

Witness turned over to Mr. Gumm of the adjustment company the list of the property destroyed by the fire that was made out by the insured upon the book given him by witness. Did not know who the adjuster was representing.

The case was tried by the court without a jury, and from the judgment the insurance company appealed.

*Samuel C. Knight,* for appellant.

*Fred M. Pickens* and *Coleman & Reeder,* for appellee.

KIRBY, J., (after stating the facts). The undisputed testimony shows that the local agent of the fire insurance company, having power to issue policies and collect premiums, was notified by the insured that a loss had occurred, and received from him a list of the property destroyed, made out upon a little book furnished by the agent for that purpose; that he notified the company of the loss, and the adjuster had the list of the property furnished the agent by the insured when he first called upon him relative to an adjustment of the loss; that, during the negotiations for a settlement, although complaint was made that the proof of loss was not satisfactory, no refusal to settle was made on that account until the 28th day of June, when a formal verified itemized proof of loss was sent by registered mail to the company.

There was no reason to think that a refusal to adjust the loss or pay the claim would be made until that time, and the court properly held that the insurance company had waived the proof of loss, and that the notice given and the action taken by the insured in furnishing the list of the property lost was a sufficient compliance with the requirements of the policy. *Fireman's Ins. Co.* v. *Hays,* 159 Ark. 161, 251 S. W. 360; *Fireman's Fire Ins. Co.* v. *Mitchell,* 122 Ark. 357, 183 S. W. 770; *National Union Fire Ins. Co.* v. *Wright,* 163 Ark. 42, 257 S. W. 773; *Fireman's Ins. Co.* v. *Bye,* 160 Ark. 212, 254 S. W. 465; *American Ins. Co.* v. *Dannehower,* 89 Ark. 111, 115 S. W. 950.

The proof of loss or list of property destroyed, furnished to the agent of the insurance company a few days after the fire and later found in possession of the adjuster, upon the first of his three visits to make the adjustment, was not refused as a proof of loss meeting the requirements of the insurance policy, nor any such objection made to it as amounted to its refusal as such, until what was thought to be the last of the 60 days provided in which such proof should be furnished. This being the case, the insured was entitled to further reasonable time to complete the proof of loss. *Planters' Mutual Ins. Co.* v. *Hamilton,* 77 Ark. 27, 90 S. W. 283, 7 Ann. Cas. 55.

The undisputed testimony also shows that the fire which destroyed the insured property continued into the morning of the 29th, and the law will not allocate the loss to any particular part of the time, nor consider the property destroyed before the cessation of the fire which consumed it. Such being the case, the itemized verified proof of loss was furnished within the time required by the policy, in any event.

There is no merit in the contention that appellee refused to submit himself for examination under oath, long after the loss had occurred and suit had been filed for the recovery of the amount of the loss under the policy. As said in *Conn. Fire Ins. Co.* v. *Boydston,* 173 Ark. 437, 293 S. W. 730, such clause "did not contemplate such examination after the occurrence of the fire, with subsequent loss."

We find no prejudicial error in the record, and the judgment is affirmed.