GERMAN-AMERICAN INSURANCE COMPANY *v.* HARPER.

Opinion delivered April 15, 1905.

INSURANCE—FORFEITURE—ESTOPPEL.—An insurance company will be estopped to take advantage of a stipulation contained in a policy issued by it limiting the amount of concurrent insurance on the property insured if it knew that the insured was carrying a larger amount of concurrent insurance than stipulated, but never objected thereto until after a fire, nor offered to cancel its policy.

Appeal from Sebastian Circuit Court, Greenwood District.

STYLES T. ROWE, Judge.

Affirmed.

*Winchester & Martin,* for appellant.

A void policy of insurance can only be revived by a new agreement, supported by a new consideration. Ostrander, Fire Ins. 396, 563, 573, 578; 123 N. Y. 6; 118 N. Y. App. 518;

124 Ind. 490; 90 Tenn. 412; 5 Ind. App. 82; 70 N. Y. 593; 62 Ark. 348. Evidence of custom should have been presented. Ostrander, Fire Ins. 99, 128. The court erred in giving instructions 1, 2 and 3, and in refusing Nos. 1 and 2 asked by appellant. 50 Ark. 545; 69 Ark. 138; 68 Ark. 106; 151 U. S. 451; 62 Ark. 348; Ostrander, Fire Ins. 397; 90 Tenn. 212.

*Brizzolara, Fitzhugh & Wellshear,* for appellees.

The violation of a warranty in an insurance policy does not render the policy void. 3 Joyce, Ins. § 2458; 16 Fed. 454; 33 Ia. 325; Beach, Ins. § § 481, 614, 724, 1065. There was consideration for the waiver. 2 May, Ins. 345, 567; 25 N. E. 309; 23 N. E. 883; 124 Ind. 490; 3 Joyce, Ins. § 2487. The appellant is estopped from claiming a forfeiture. 94 Mo. 353; 2 May, Ins. 373; 1 *Id.* 143; 2 Beach, Ins. 767; 2 May, Ins. 362, 497, 1 Joyce, Ins. 542; 2 Beach, Ins. 762, 1065; 62 Ark. 348, 562; 63 Ark. 187; 71 Ark. 242; 52 Ark. 15.

BATTLE, J.  On or about the 11th day of January, 1896, the German-American Insurance Company executed a policy of insurance for $1,000 to Harper & Wilson upon their bar fixtures and furniture. It was dated the 14th day of January, 1896, and was to continue one year from date, and contained this clause: "$2,000 total concurrent insurance permitted, including this policy." At the time it was executed and delivered to Harper & Wilson there was insurance upon the same property for $2,000, and it did not expire until the 21st day of January, 1896. The German-American Insurance Company knew that this insurance existed at the time it executed its policy, but supposed that it would expire on the 14th day of January, 1896, and for that reason dated its policy of that date, and delivered it with the understanding that it should take effect when the first expired. On the day of its expiration it (first) was renewed by the same company and for the same amount for one year. The German-American Insurance Company had notice of that fact in February, 1896. The property was destroyed by fire in December next following. Having notice of the first insurance and its renewal, the German-American Insurance Company never objected until after the fire, nor offered to cancel its policy. It thereby waived any

forfeiture incurred by the insurance in excess of $2,000, and consented that its policy should remain in full force, and could not thereafter avoid it when the assured had rested in the belief that they were protected until their property was destroyed, and when that belief was the result of its conduct. Fair dealing and honesty forbid. It was estopped from so doing. *Hamilton* v. *Home Ins. Co.,* 94 Mo. 353; *Insurance Co.* v. *Brodie,* 52 Ark. 11; 3 Joyce on Insurance, § 2487; 2 Beach on Insurance, 767; 2 May on Insurance (4th Ed.), § 372; and the cases cited by these authorities.

*Jefferson Mutual Insurance Company* v. *Murray,* 74 Ark. 507, does not conflict with this opinion. In that case it was agreed that if any premium note was not paid at maturity the amount thereof should be considered earned, and that the policy should be suspended so long as the note remained overdue and unpaid. By accepting payment of such note the insurer waived none of its rights, but acted in accordance with its contract. It was not estopped by its conduct. 2 May on Insurance (4th Ed.), § 345*h.*

Judgment affirmed.

HILL, C. J., being disqualified, did not participate.