Concordia Fire Insurance Company v. Mitchell.

Opinion delivered February 21, 1916.

1. Principal and agent—proof of agency.—The existence of an agency can not be established by proof of the acts and declarations of the agent; but an agent may prove his own agency.

2. Insurance—waiver of proof of loss—authority of agent.—The local agent of defendant insurance company, with power to effect insurance, countersign policies, and collect premiums, held, to have authority, at least within its apparent scope, to waive proof of loss, and that such waiver was binding on the insurance company.

**3.** Insurance—representations of agent—waiver of proof of loss—apparent scope of authority.—When the right to waive proof of loss is within the apparent scope of the authority of the local agent of a fire insurance company, the company will be bound by the agent's act, where he introduced to the insured, a person who claimed to be defendant's adjuster, and when the insured relied upon his statement that a formal proof of loss would be unnecessary.

Appeal from Hempstead Circuit Court; *George R. Haynie,* Judge; affirmed.

*Allen Hughes* and *W. W. Hughes,* for appellants.

1.    There was no waiver of proof of loss.    To bind appellants it is necessary that it be established that the person whose conduct is relied on to effect the waiver was, first, the agent of the companies, and, second, that he acted within the scope or the apparent scope of his authority.    Foster had no power to adjust losses or waive proof of loss; nor any authority to bind the companies by introducing Casey as an adjuster.    The *prima facie* case of Foster's authority was overcome by direct proof that he had no such authority.    100 Ark. 212; 60 *Id.* 532; 106 Iowa, 229.    Foster's introduction of Casey is merely hearsay evidence.

2.    It is incompetent to establish agency, or its extent by proof of declarations of the alleged agent or his conduct in assuming to act as such.    10 Enc. Ev., p. 15, 22; 1 Mechem, Ag. (2 ed.), § 285; Ostrander on F. Ins. (2 ed.), § 48, p. 174; 26 S. W. 381; 85 Ark. 252, 256; 93 *Id.* 603; 80 *Id.* 228; 46 *Id.* 222; 141 S. W. 205; 164 Ind. 77; 147 Ala. 646.    No ratification nor acquiescence is shown. 164 Ind. 77; 32 S. E. 291; 75 N. W. 923; 70 Neb. 510; 99 N. Y. Sup. 234.

3.    The agency of one whose authority is in issue can not be shown by the declarations, admissions or recognition of another agent unless it appears that the latter is one authorized to make such admissions, declarations and recognition.    91 Ga. 554; 106 Iowa, 229.    The burden of proof was on the appellee.    11 Okla. 585; 69 Pac. 938; 123 Ala. 667; 120 Ga. 247; 121 Mass. 439; 90 Iowa, 457; 40 Neb. 700, 715; 16 Okla. 1.

*Steve Carrigan, Jr., L. F. Monroe* and *W. H. Etter,* for appellee.

1. If appellants' agent, Foster, was acting within the apparent scope of his authority and was consequently apparently authorized to act for appellants in regard to matters in which he undertook to act in dealing with appellee, then his acts are binding upon appellants. 115 S. W. 475-6; 97 Pac. 577; 52 Me. 389; 109 Minn. 440, 450; 124 N. W. 236; 12 Pac. 141; 86 S. W. 274; 108 *Id.* 355; 2 Corpus Juris, 572; 135 Fed. 636; 81 Vt. 420; 83 Ky. 246; 20 Okla. 576; 67 Am. St. 238; 60 Fla. 83; 103 Ark. 86; 111 *Id.* 237; 79 *Id.* 323; 94 *Id.* 227; 92 *Id.* 386; 97 *Id.* 564.

2. The acts and declarations of Foster and Casey were enough to satisfy the requirements of the policies as to proof of loss. A waiver is clearly shown. 108 Ark. 268.

3. The acts and admissions of an agent are available to charge the principal when they occur in the course of his employment, as part of the *res gestae.* 3 Wigmore on Evidence, § 1795; 1 Greenl. E., § 113; Jones on Ev., § 256; 165 S. W. 1154; 49 Ark. 215; 58 *Id.* 179; 63 *Id.* 93; 95 Pac. 218.

4. There is no error in the instructions. 96 U. S. 577; *Ib.* 234; 106 *Id.* 30; 53 Ark. 499; 24 Law Ed. U. S. 890; 42 Ark. 99.

Smith, J. Appellee, who was doing business as the Rustic Novelty Company, brought suits against the appellant insurance companies on certain policies of insurance covering property which was destroyed by fire on July 11, 1914. There was prayer for the amounts of the policies and the statutory penalty and for attorney's fees. Separate suits were filed against each of the companies, but the same issue is involved in each case and the cases were consolidated and tried together.

No question is made as to the occurrence of the fire, or the extent of the loss. The policies sued on are standard form policies and each of them contained the usual requirement that the insured shall, in the event of loss

sustained by fire, make due proofs of loss to the insurer within sixty days thereafter, and provides that, in case this is not done, the policy shall become void.

Appellee does not claim to have made proofs of loss, and the question in the case is whether that requirement has been waived. Immediately after the fire appellee reported the loss to one C. B. Foster, who was engaged in the insurance business under the name of the Hempstead County Insurance Agency, which agency had written both policies. Some time thereafter Foster called upon appellee, in company with a stranger to appellee, but who was introduced by Foster as Mr. Casey, the adjuster for the insurance companies, who had come to adjust appellee's loss under said policies. Relying upon this representation of Foster, appellee took Casey to the scene of the fire and directed him to the night watchman, who was in charge of the insured property at the time of the fire, and then, upon Casey's further request, furnished and delivered to him an itemized list of the property lost in said fire and the value of each article lost. Thereupon Casey expressed himself as satisfied with the proof of loss and informed appellee that settlement would be made with him within the course of a short time. Appellee then inquired of Casey if anything additional was required and was advised that nothing else was necessary and that the showing made was sufficient. Resting on this assurance appellee made no other proof of loss, but on September 2d wrote a letter to one H. B. Hart, of Memphis, Tennessee, an adjuster of the appellant companies, requesting an early settlement of his loss, but Hart made no reply to this letter until September 15, which was after the expiration of the sixty days allowed for the proof of loss.

It was not denied that Foster was appellant's agent and that he wrote, signed and delivered the policies to appellee; nor is it denied that he introduced Casey as the adjuster, who was there for the purpose of adjusting appellee's loss. It is insisted, however, that the proof in regard to Foster's agency shows that the extent of his authority was to solicit insurance, issue policies, and col-

lect premiums, and that he had no authority to adjust losses and none to waive proof of loss, and that he had no power, therefore, to bind the companies by his act in presenting Casey to appellee as an adjuster, and that the evidence in regard to Foster's conduct is hearsay and that it was incompetent to establish the fact of agency, or the extent of the agency, by proof of the declarations of the alleged agent, or his conduct in assuming to act as such, and that error was committed in admitting proof of the acts and declarations of Casey.

Certain officers of the insurance company gave testimony which circumscribed Foster's authority to the matters above stated, but Foster himself testified that, in addition to his duties to receive applications for insurance, fix rates, countersign policies, deliver and renew policies of insurance, it was also a part of his duties under his agency to notify the companies of losses.

In the case of *Citizens' Fire Ins. Co.* v. *Lord,* 100 Ark. 212, it was said that a local agent who has power to effect insurance, countersign policies, and collect premiums, had also *prima facie* power to waive proof of loss. But appellants insist that no such presumption exists here for the reason that it now affirmatively appears that Foster, the agent, had no such authority; and it is further insisted that there is no competent evidence to show any waiver by Casey or any agency by him for any purpose.

(1-2)    It is, of course, well settled that the existence of an agency can not be established by proof of the acts and declarations of the agent; but it is equally as well established that the agent himself may prove his agency. Foster proved his own agency; in fact, for some purposes it is admitted, and this agency having been shown and admitted, appellants became liable, not only for all of the acts which were within the actual scope of his authority, but for those also which were within the apparent scope of his authority. A similar question was involved in the recent case of *St. Louis, Iron Mountain & Southern Ry. Co.* v. *Nunley,* 120 Ark. 268, 179 S. W. 369. There a loss was sustained by Nunley, of which it was necessary to

give notice within the time limited by a contract of shipment. Nunley was directed by an admitted agent to report the loss at the office of an agent who had authority to adjust such losses. Nunley repaired to this office, where he met a young man who was in charge of it, and entered into negotiations with him for the adjustment of his loss, and he and the young man examined the injured stock for that purpose. This young man admitted the liability of the railway company and promised a settlement. On behalf of the railway company it was shown that the young man was only the stenographer in the office of the adjusting agent and that he had no authority for his action. But we there said that, inasmuch as the young man had been left in charge of the office by the person whose duty it was to settle such claims, and had actually entered into negotiations looking to a settlement, that the jury were warranted in finding that he had such authority. So here Foster testified as to his own agency and as to its scope. Presumptively he had the power to waive the proof of loss. His agency having been established by competent evidence, the insurance companies became liable for his acts and declarations within both the scope and the apparent scope of his agency. It was, therefore, competent to prove Foster's introduction of Casey as an adjusting agent, and, consequently, also to prove Casey's statement that all the proof had been furnished which would be required.

(3) We think the jury were warranted in finding that appellee had the right to rely on Foster's statement as being, at least, within the apparent scope of his authority, and the proof of his acts within this scope was, therefore, admissible. 2 C. J. 570. And if Foster's acts were within the apparent scope of his authority, then it is immaterial whether Casey was an agent or not, or whether he had authority to waive proof of loss or not, provided appellee believed Foster's statements and relied upon them. If appellant's agent falsely represented that Casey was an adjuster, when he was not, then the principal must suffer the loss occasioned by his agent's false state-

ment, and not the person to whom the agent made the false statement, where the authority to make the statement was within the apparent scope of the agent's duties. It might be said, however, that the only proof which the appellants offered that Casey was not an adjuster was that of the adjuster, Hart, who testified that the adjustment of this loss was placed in his hands and that, to avoid conflict, a second adjuster is never appointed without notification of that fact to the first adjuster, and that no such notice was ever given him; but, on his cross-examination, Hart admitted that an adjuster named Casey had been at work on this loss, but he did not give the source of his information.

Instructions were asked by the parties to this litigation presenting their respective views, and exceptions were saved by appellants to the action of the court in refusing to give various instructions, and in giving others. But the instructions given conformed to the views here expressed.

Finding no error in the judgment, it is affirmed.