THE CAMDEN FIRE INSURANCE ASSOCIATION *v.* GRUBBS.

Opinion delivered April 1, 1918.

INSURANCE—FIRE INSURANCE—AUTHORITY OF AGENT TO WAIVE CONDITIONS.—The agent of appellent fire insurance company, with authority to issue policies of insurance, *held* to have authority to waive conditions in the policy, and to have actually waived same.

Appeal from Jackson Chancery Court; *George T. Humphries,* Chancellor; affirmed.

*J. A. Watkins,* for appellant.

1. The policy was avoided by the increased risk or hazard. 45 Pac. 722; 2 Clement Fire Ins. 294; 43 Mo. App. 518; 151 U. S. 452; 67 Pa. 373; 62 N. H. 240; 37 Minn. 300; 1 L. R. A. 57, 64; May on Ins. (1 Ed.), § 223; 106 N. Y. 360; 3 L. R. A. 508; 14 Allen, 329.

2. Due notice of cancellation was given and there was no waiver of forfeiture. Cases *supra.*

*E. L. Boyce,* for appellee.

1. The return of the unearned premium and notice were necessary before cancellation. 62 Ark. 382; 13 L. R. A. (N. S.) 886; 40 L. R. A. 765; 39 *Id.* 829 (N. S.); 19 Cyc. 644; 37 L. R. A. (N. S.) 131, 137; 108 Ark. 130.

2. The company was bound by its agent's act. 52 Ark. 11; 122 *Id.* 358; 71 *Id.* 242; 19 Cyc. 593. He has authority to waive forfeitures. 88 Ark. 506; 71 *Id.*. 242; 63 *Id.* 187; *Ib.* 348; 75 *Id.* 98; 82 *Id.* 150; 118 *Id.* 442; 169 S. W. 695.

3. The company is estopped. 1 Clement on Ins. 415, 416, 435; 75 Ark. 98; 82 *Id.* 162; 45 Pac. 518.

HART, J. This suit was brought in the chancery court by James W. Grubbs, as trustee, against the Camden Fire Insurance Association to collect the sum of six hundred ($600.00) dollars upon a policy of fire insurance. The suit was brought in the chancery court for the purpose of reforming the policy as to the persons for whose benefit the policy was issued, and it

is conceded that the court properly reformed the policy in the manner asked. A recovery under the policy is resisted on the ground that the company canceled the policy before the property was burned and on the ground of a breach of one of the conditions of the policy.

It was decreed that the defendant was liable to the plaintiff for the amount of the policy and the defendant has appealed.

Under the terms of the policy, the company had a right to cancel it upon giving five days notice to the policy holder. The property insured was a farm dwelling house and it was accidentally destroyed by fire on the 13th day of January, 1917, during the life of the policy. On the 23 day of December, 1916, the company sent a written notice to the policy holder that the policy would be canceled at the end of five days from that date. The agent of the company at Newport, who sent the notice had issued the policy and had authority to countersign, issue, and deliver policies of insurance for the company.

According to the testimony of Jas. W. Grubbs, to whom the policy was issued for the benefit of other persons, he went to see the agent of the company as soon as he received notice of the cancellation. Grubbs said to the agent: ''Mr. Hite, you are not going to cancel this policy until you place it in something else?'' Hite, the agent, replied, ''No, I will keep it in force until I place some other insurance for you.'' Grubbs was a little worried about the mater, and at another time he asked Hite what he had done about getting new insurance for him. Hite replied that he had not been able to place other insurance yet but he was sure Grubbs was protected. He recommended Grubbs to apply for insurance in another company, which Grubbs did. Grubbs said that Hite again told him that he would keep the policy in force until he could get other insurance for him (Grubbs). Hite sent an agent out to the farm to inspect the house with a view to insuring it in another company. The inspector reported to Hite that a metal

flue had lately been installed through the roof of the building. The installation of the metal flue increased the risk and was a breach of one of the conditions of the policy.

Grubbs testified that he did not know that the metal flue had been installed in the building, until that fact was reported to him by Hite when he went to his office to sign an application for insurance in another company. He stated that Hite again promised him that the policy would be continued in force until other insurance could be secured on the house.

The tenant who occupied the building when it was burned, said that he had some insurance on some personal property which was destroyed by the fire and went to see Hite about collecting it; that Hite then informed him that Grubbs had an insurance policy on the house which was burned and that it was still in force; that he had installed the metal flue in the building during the fall before the house was burned and that Grubbs did not know anything about that fact; that he did not report the fact to Grubbs because he did not know that it would make any difference; that he did not know at that time that Grubbs had an insurance policy on the house.

The agent who inspected the property for Hite with a view to procuring him another policy on the house for Grubbs, was present when Grubbs made the application for other insurance, but stated that he did not remember whether or not Hite promised Grubbs on that occasion to continue in force the policy sued on.

Hite admitted that Grubbs did not know about the metal flue having been installed in the house until he was informed of that fact when he came to sign the application for other insurance on the house. Hite denied that he told Grubbs that he would continue in force the insurance until a new policy was secured. He said that Grubbs was an old customer of his in the insurance business and that he only assured him that he would do all he could to protect him and get him another policy. He stated that there was a delay in getting

a new policy because Grubbs insisted in putting in the policy an old store house which the company did not wish to include in the risk; that the dwelling house in question was a desirable risk and that there would have been no trouble in getting insurance on it by itself at once. Hite had authority to issue policies of insurance for the company and as such agent had authority to waive conditions in the policy. *Home Fire Ins. Co. v. Wilson,* 118 Ark. 442; *Arkansas Mutual Fire Ins. Co v Claiborne,* 82 Ark. 150; *German-American Ins. Co.* v. *Harper,* 75 Ark. 98; *Phoenix Ins. Co.* v. *Public Parks Amusement Co.,* 63 Ark. 187, and *Concordia Fire Ins. Co.* v. *Mitchell,* 122 Ark. 357.

The chancellor specifically found that Hite had waived the conditions in the policy and it can not be said that his finding is against the preponderance of the evidence.

Grubbs testified in positive terms that after he received the notice that the company would cancel the policy at the expiration of five days, he went to Hite's office before the five days had expired and that Hite promised him that he would continue the policy in force until he could secure new insurance. An inspector was sent at once to look at the house with a view to securing insurance with another company. He reported that a metal flue had been installed in the house. This increased the fire risk and had the effect to avoid the policy. Grubbs did not know that the metal flue had been installed in the house and when Hite told him about it he again asked him whether or not the old policy would be continued in force until he could secure a new one. He stated that Hite expressly promised him that it would. The tenant of Grubbs testified that Hite told him after the fire that the policy still was in force.

There is nothing in the whole record that tends to show that Grubbs acted otherwise than in perfect good faith. He withheld nothing from the company and only acted upon the express promises of the agent of the company that the policy would not be canceled, but

would remain in force until he could secure other insurance. The acts of the agent amounted to a waiver of forfeiture on the part of the company both in regard to a cancellation of the policy and as to the increased hazard by installing the metal flue.

It follows that the decree will be affirmed.