HARTFORD FIRE INSURANCE COMPANY *v.* SMITH.

4-5949                                          39 S. W. 2d 411

Opinion delivered April 29, 1940.

*Myers & Snerly* and *O. E. & Earl N. Williams,* for appellant.

*Rex. W. Perkins,* for appellee.

McHANEY, J. Under date of July 14, 1938, appellant issued its livestock transit policy No. 14815 to Roy H. Vansandt, a trucker of livestock, covering damage to stock transported by him from point of origin to destination as follows: "It is the intent of this policy to protect shipment consigned to packing houses, produce and commission firms, and the Mississippi Valley Stock Yards, St. Louis, Missouri, and to Hunter Packing Company, East St. Louis, Illinois, and to National Stock Yards, Illinois." On July 15, 1938, while Vansandt was in National Stock Yards, Illinois, by agreement, a rider, or indorsement was attached to said policy No. 14815, limiting its coverage "so that it shall cover only shipments of live stock consisting of cattle, calves, hogs, sheep and goats, while on board of automobile trucks and transported from loading point to the National Stock Yards at National Stock Yards, Ill." On the same date another indorsement was attached to said policy extending the coverage to "loss due to actual damage, . . ., that may occur by reason of crippling and/or death while such animals are in the National Stock Yards, etc." At the

same time Vansandt applied for and received policies covering shipments from loading point to Springfield, Mo., and Kansas City, Mo. He did not have a policy covering shipments to Joplin, Mo., until long after the occurance out of which this lawsuit originated.

On July 19, 1938, Vansandt hauled a load of cattle from Hindsville, Arkansas, to Joplin, Mo., for the appellee, Paul Smith, representing to appellee that he had insurance coverage. He issued a motor truck bill of lading to appellee for 16 steers, on a form furnished him by appellant, on which it was plainly stated: "This manifest to be used only for shipments to Nat'l. Stock Yards, Ill." In this bill of lading. Vansandt noted "Policy No. 14815."

One of the steers was crippled in transit to such an extent that its salvage value was only $25. On arrival at Joplin an agent of appellant was notified of this damage and that the shipment was insured. The agent declined to settle until he found out whether the shipment was covered. He assisted Vansandt in making out proofs which were sent to Chicago and assisted in disposing of the injured steer. The Chicago office of appellant advised that the shipment was not covered and declined to pay the loss. Thereafter, check was sent to appellee to cover the $25, plus $2.40 premium deducted by the commission company, less $1.13 yardage and commission, by the commission company, which he refused to accept, and thereafter brought this action against appellant alone to recover the value of the steer. Appellant defended on the ground that its policy did not cover the loss. Trial resulted in a verdict and judgment for appellee. This appeal followed.

We think the court erred in not directing a verdict for appellant on its request. Vansandt had no insurance on shipments of livestock to Joplin. The policy, as originally written, covered shipments to St. Louis, East St. Louis, and National Stock Yards, Illinois, but by rider its coverage was limited to the last mentioned city. The bill of lading itself was sufficient to notify appellee that Vansandt's policy mentioned therein did not cover

to Joplin. He did not ask to see the policy itself, but the bill of lading stated in so many words that it was to be used only for shipments to National Stock Yards, and he knew this shipment was not going there, but to Joplin.

There is no question of forfeiture or estoppel in this case and, therefore, cases cited by appellee are not in point. The point is attempted to be made that because Vansandt issued bills of lading to shippers, he became appellant's agent. This cannot be as he was the insured, one of the parties to the contract, and not an agent in any sense. The bills of lading issued by him to shippers were their receipts for the livestock covered by the policy, and the number thereof and the miles transported from loading to destination determined the amount of premium to be paid by the shipper at destination, to be deducted by the commission company or stock yards from the sale price. It was simply a convenient form of insurance for the benefit of both the trucker and the shipper, but neither was the agent of appellant.

The fact that Vansandt undertook to bind appellant by issuing bills of lading to Joplin cannot have such effect, at a time when he held no such policy. The doctrine of waiver and estoppel cannot be asserted to extend coverage under a contract in which it was excluded by specific language. *Miller* v. *Ill. Bankers Life Ass'n.*, 138 Ark. 442, 212 S. W. 310; *Mut. Ben. Life & Acc. Ass'n.* v. *Moore,* 196 Ark. 667, 119 S. W. 2d 499; *John Hancock Life Ins. Co.* v. *Henson,* 199 Ark. 987, 136 S. W. 2d 684.

The judgment is, therefore, reversed and the cause dismissed.