The EMPLOYERS' LIABILITY ASSUR-
ANCE CORPORATION, Limited,
Plaintiff-Appellant,

v.

MARYLAND CASUALTY COMPANY,
Defendant-Appellee.

No. 11482.

United States Court of Appeals
Seventh Circuit.

Feb. 27, 1956.

T. F. Sullivan, Chicago, Ill., for appellant.

Kenneth F. Montgomery, J. F. Dammann, Kent Chandler, Jr., Chicago, Ill., Wilson & McIlvaine, Chicago, Ill., of counsel, for appellee.

Before DUFFY, Chief Judge, and MAJOR and SWAIM, Circuit Judges.

DUFFY, Chief Judge.

Plaintiff, hereinafter called "Employers'", issued a policy of automobile liability insurance to Joseph Behr & Sons, Inc. of Rockford, Illinois. The policy covered the liability of the insured in connection with the use in its business of certain hired and non-owned motor vehicles. Plaintiff brought this action for a declaratory judgment as subrogee of Joseph Behr & Sons, Inc.

On December 17, 1949, defendant Maryland Casualty Company, hereinafter called "Maryland", issued a motor vehicle liability policy to Roscoe E. Baker covering a 1950 Studebaker tractor and trailer unit which was involved in the collision giving rise to the instant controversy. Baker leased the tractor and trailer to Joseph Behr & Sons, Inc. under a trip lease agreement consummated in the State of Illinois, and which provided for the hauling of property for hire on a single trip from Cleveland, Ohio, to Rockford, Illinois.

While driving his tractor and trailer on December 5, 1950, and hauling the property of Joseph Behr & Sons, Inc. under the trip lease agreement mentioned, Baker was involved in a collision on a highway in the State of Indiana, which damaged the automobile of one Leonard Jones, and resulted in personal injuries to the occupants of that automobile. Maryland refused to accept liability for claims for damages arising from that accident. Actions for damages were brought against Joseph Behr & Sons, Inc. in the Indiana courts which resulted in Employers' finally paying the sum of $8,418.03 in settlement of the claims.

Maryland's claim that it is not liable under its policy which it had issued to Baker is based upon a provision of an endorsement attached to the policy at the time it was issued which provided: "In consideration of the rate and premium charged for this policy we contemplate use of the vehicles insured for transporting property belonging to the insured only, and no coverage is provided when the said vehicles are used transporting property for others for hire."

The trial court found that Maryland's policy to Baker with its endorsements expressly provides that there is no coverage when the said vehicles are used to transport property of others for hire and that on December 5, 1950 Baker was transporting property of others for hire. As a conclusion of law, the Court found there was no ambiguity in Maryland's policy or the endorsements, and that Maryland was not liable because the asserted loss claim occurred while Baker was transporting property of others for hire.

On this appeal the principal points relied upon by Employers' are 1) Maryland's basic policy covered Baker while hauling property of others for hire, and the endorsement to the contrary created an ambiguity which should be construed against Maryland; 2) the endorsement entitled "The Illinois Truck Act Endorsement" conflicts with the endorsement in issue and therefore creates an ambiguity; 3) the Local Truckman Endorsement conflicts with the endorsement in issue and also creates an ambiguity; 4) the endorsement in question was of no effect because it was not approved in accordance with the Illinois Statutes regu-

lating Casualty and Insurance policies, and 5) the endorsement in question was void because of the provisions in the policy with reference to motor vehicle financial responsibility laws of any state, particularly the Indiana Motor Vehicle Responsibility Law, Burns' Ann.St. § 47–1044 et seq.

■ The last point as to the motor vehicle responsibility laws of other states and particularly of Indiana was not raised in the trial court. This contention was not included in appellant's Statement of Points. We will not consider this issue raised here for the first time. Apex Smelting Co. v. Burns, 7 Cir., 175 F.2d 978; Petition of Herschmann, 7 Cir., 163 F.2d 865; Kainz v. Anheuser Busch, Inc., 7 Cir., 194 F.2d 737, 744; Hopkins v. Waco Products, Inc., 7 Cir., 205 F.2d 221, 224; Chicago, Rock Island & Pacific Railroad Co. v. Igoe, 7 Cir., 220 F.2d 299, 305.

Employers' makes frequent reference in its briefs to the coverage afforded by Maryland in "its basic contract." Apparently, reference is made to the policy disregarding any endorsements. As we understand Employers' argument, an ambiguity exists in Maryland's policy issued to Baker because of an asserted conflict between the general terms of the policy and the specific exclusionary terms of the endorsement in issue.

The insuring clause of the policy provided that the Company "agrees with the insured, named in the declarations made a part hereof, in consideration of the payment of the premium and in reliance upon the statements in the declarations and subject to the limits of liability, exclusions, conditions and other terms of this policy." Thus, the so-called basic policy was specifically made subject to the exclusions and conditions. The endorsement here in issue was attached at the time the policy was issued, and contained this clear and unambiguous language: " * * * and no coverage is provided when the said vehicles are used transporting property of others for hire."

If the interpretation given to the contract by the parties is of any significance, it might be noted that Baker apparently did not consider that he was covered by the Maryland policy. In any event, he never, at any time, notified Maryland of the accident, nor did he request Maryland to defend him. About two months after the accident Maryland was notified by representatives of Employers'.

■ We know of no authority for the proposition that an endorsement excluding an item of coverage from the general terms of the policy thereby creates an ambiguity. We hold that no such ambiguity exists.

■ Employers' next point is the "Illinois Truck Act Endorsement" conflicts with the endorsement in issue and, therefore, creates an ambiguity. The "Illinois Truck Act Endorsement" was framed to meet Sec. 16 of the Illinois Truck Act, S.H.A. ch. 95½, § 253. It covers accidents happening in Illinois. This suit is not by an injured person who seeks the protection guaranteed by the Illinois Statute. We hold no ambiguity is created by the Illinois Truck Act Endorsement.

The "Local Truckman Endorsement" confines the insured's regular and frequent use of his equipment to a geographical area within a 50-mile radius of Rockford, Illinois. It does not purport to relate to any provision of this policy or endorsements thereto which specify that the insured will not be covered when hauling the goods of others for hire.

■■ Employers' seeks to bolster its view as to the "Local Truckman Endorsement" by referring to a description of "Local Truckman" contained in the Automobile Casualty Manual, which is a compilation of rate schedules for the use of underwriters in computing policy premiums. The manual refers to a Local Truckman as a person, firm or corporation that undertakes to haul goods for others within a 50-mile radius of the town where the insured's equipment is garaged. We do not think that the terms of the policy can be altered by the

contents of a rate manual that is not incorporated into the insurance policy. However, the clinching reason the "Local Truckman Endorsement" cannot be relied on to create an ambiguity in Maryland's policy is that endorsement was not in effect on December 5, 1950 when the accident occurred in Indiana. On June 10, 1950, after Baker paid an additional premium of $31.74, the endorsement was cancelled.

■ We must also overrule plaintiff's contention that the policy as issued was in violation of Illinois statutes regulating casualty and insurance contracts. S.H.A. ch. 73, §§ 990–1004.

■ We hold the trial court was correct in determining that Maryland was not obligated to defend Baker because there was no coverage under its policy, and that Maryland is not obligated to pay any sum to the plaintiff. Judgment

Affirmed.