**TRAVELERS INSURANCE COMPANY,**
a corporation, Plaintiff,

v.

Mrs. Thelma S. SINDLE, Mrs. Thelma S. Sindle, Administratrix of the estate of Argus A. Sindle, Deceased, Betty Jo Sindle, Shelba Jean Sindle, Stasi Motor Freight, Inc., Richard F. Pitts, and M. E. Daniels, d/b/a Rogers Oil Company, Defendants.

**Civ. A. No. 1539.**

United States District Court
W. D. Arkansas,
Fort Smith Division.

Aug. 23, 1960.

Shaw, Jones & Shaw, Fort Smith, Ark., for plaintiff.

Warner, Warner & Ragon, Fort Smith, Ark., Joyce & Wing, Fayetteville, Ark., Ralph W. Robinson, Van Buren, Ark., Hardin, Barton & Hardin, Fort Smith, Ark., for defendants.

JOHN E. MILLER, Chief Judge.

There is before the court the motion of plaintiff for summary judgment pursuant to Rule 56, Fed.R.Civ.P., 28 U.S. C.A.

Complete diversity of citizenship between the plaintiff and the defendants exists now and has at all times material herein. The amount involved exceeds $10,000, exclusive of interest and costs.

In considering the motion, it is necessary for the court to determine from the pleadings, depositions, admissions on file, the affidavits and ore tenus testimony and exhibits, whether there is a genuine issue as to any material fact. If there is no genuine issue as to any controlling material fact and the moving party is entitled to a judgment as a matter of law, the motion should be granted, but if there appears to be any genuine issue as to a material fact, the motion must be denied.

In Rubenstein v. Dr. Pepper Co., 8 Cir., 1955, 228 F.2d 528, at page 533, the court said:

"The motion for summary judgment is not a trial of the issues but for the purpose of determining whether in fact there are any genuine issues as to material facts. If it is made clearly to appear on such a motion that even though there is an issue under the pleadings there is in fact no dispute as to the controlling material facts, then the court should enter summary judgment."

The complaint of plaintiff for a declaratory judgment of nonliability on the claim of Mrs. Thelma S. Sindle, individually, and as administratrix of the estate of Argus A. Sindle, deceased, on behalf of the estate and next of kin, was filed on June 20, 1960. On July 11, 1960, a pretrial conference was held, which was attended by the attorneys for all parties except the attorney for Mrs. Sindle, individually and as administratrix. At that time the defendant, Stasi Motor Freight, Inc. (hereinafter referred to as Stasi), was allowed until July 22, 1960, to file its response to the motion for summary judgment. Stasi had prior to that time and on June 28, 1960, filed answer to the complaint. At his request the defendant, M. E. Daniels, d/b/a Rogers Oil Company (hereinafter referred to as Daniels), was allowed until July 27, 1960, in which to answer the complaint.

Prior to the first pretrial conference on July 11, 1950, the defendants, Richard F. Pitts and Daniels, had filed their motion for summary judgment on the pleadings and exhibits, and included therein a motion to dismiss the complaint of the plaintiff.

The motion of plaintiff for summary judgment was likewise filed on July 8, 1960.

On July 27 the defendant Stasi filed its response to the motion for summary judgment, and on the same date the defendants Pitts and Daniels filed their answer to the complaint of the plaintiff. No response other than the answer to the complaint was filed to the motion of plaintiff by defendants Pitts and Daniels.

With the record in that condition, the court deemed it advisable to request all

the attorneys to complete the record in order that the motion of plaintiff for summary judgment might be determined. Accordingly, on August 2, 1960, the court addressed a letter [1] to all the attorneys.

On the same date the court, in an effort to aid the parties as to procedure, also called the attention of all the attorneys to Marion County Co-Op Ass'n v. Carnation Co., D.C.W.D.Ark.1953, 114 F.Supp.

[1]. The letter, omitting the formal parts, is as follows:

"I have reviewed the file in this case and desire to call your attention to what appears to me to be the status of the case.

"The complaint was filed June 20, 1960, and it is admitted in the complaint that the plaintiff issued its liability policy insuring the defendant M. E. Daniels, d/b/a Rogers Oil Company, against liability for damages caused by the operation of certain automotive vehicles; that on or about July 8, 1959, the defendant Richard F. Pitts was engaged in the operation and driving of an International tractor belonging to the said M. E. Daniels, but which had been leased to defendant Stasi Motor Freight, Inc.; that through the operation of the tractor by the said Pitts the defendants Sindles received certain personal injuries; that prior to the injury, and on May 26, 1959, an endorsement was attached to the liability policy under which the plaintiff herein claims that it is not liable to the Sindles or anyone else for injuries because the tractor had been leased or rented to the defendant Stasi Motor Freight, Inc.

"There is an allegation in the complaint that at the time of the accident the defendant Richard F. Pitts was operating the tractor as the agent, servant, and employee of the defendant Stasi Motor Freight, Inc.

"On July 8, 1960, the plaintiff filed a motion for summary judgment and supported it by certain documents. Also the attorneys for the plaintiff submitted to the court a brief in support of the motion of plaintiff. A reference to the motion discloses that it is based upon the depositions of M. E. Daniels and George Stasi, together with admissions of the defendant Stasi Motor Freight, Inc., contained in its answer filed June 28, and the admissions contained in the motion for summary judgment filed by the defendants Pitts and Daniels on July 8.

"On July 11 a pretrial conference was held, at which time the court required

the introduction in evidence of the policy and all endorsements.

"On July 27 the defendant Stasi Motor Freight, Inc., filed a response to plaintiff's motion for summary judgment, and on the same date, July 27, the defendants Pitts and Daniels filed their answer to the complaint of the plaintiff.

"I have examined the response of the defendant Stasi Motor Freight, Inc., with particular reference to the allegation 'that the pleadings now on file present a genuine issue of material fact to be tried and that the plaintiff is not entitled to a judgment as a matter of law,' and the further allegation that the plaintiff has by its acts and conduct waived any and all claimed exclusions.

"Practically the same allegations are contained in the answer of Pitts and Daniels.

"Your attention is called to the provisions of Rule 56, F.R.C.P. You will note that section (a) provides that a party seeking to obtain a declaratory judgment may move with or without supporting affidavits for a summary judgment in his favor upon all or any part of the claim.

"Section (c) provides that the adverse party, prior to the date of hearing, may serve opposing affidavits. This section further provides:

" 'The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'

"None of the defendants have filed affidavits or documents of any kind denying that the policy contained the exclusionary endorsement relied upon by plaintiff. It is true that some of the allegations of the plaintiff's complaint are denied, and it is likewise true that the defendants are pleading estoppel and waiver, but there are no facts stated in support of the allegations of estoppel and waiver, nor is there any proof by affidavit or

58, and the decision of the Court of Appeals for the Eighth Circuit appearing in 8 Cir., 1954, 214 F.2d 557, affirming 114 F.Supp. 58.

In accordance with the suggestion of the court contained in the letter appearing in the footnote, another pretrial conference was held on August 15, 1960, at which time Daniels introduced the original policy as Exhibit 1; a letter dated May 29, 1959, addressed to him by Walker Brothers, Inc., general insurance underwriters, to which was attached certain port of entry cards for each of the units insured under the policy (Exhibit 2); and a memorandum addressed to Daniels by an employee of Walker Brothers, Inc., containing a list of the equipment for insertion in the policy (Exhibit 3).

In paragraphs V, VI and VII of the complaint the plaintiff alleged:

## "V.

"That on or about the 26th day of May, 1959, plaintiff issued its policy of insurance to the defendant, M. E. Daniels, doing business as Rogers Oil Company, the same being Comprehensive Automobile Liability Insurance Policy No. SLA 4739938, insuring said defendant against damages imposed by law for injuries or death to individuals or damage to property caused by automobiles and motor vehicles scheduled in said policy and used in his business by himself or agents and

employees of his; subject to the limitations and restrictions on such liability as set out in said policy. That among other vehicles scheduled in said policy, there appeared one 1954 year model, International tractor, 5 CA, Serial No. (Motor No.) RD 45037950. That among other limitations on the liability under said policy were the limitations and restrictions on liability effected and expressed by the Endorsement No. 1721A(a6) issued under date of May 26, 1959, the same being attached to and a part of said policy from the date of its issue and the date of said policy and on all the days and dates mentioned herein. That said endorsement is in words and figures as follows:

" 'Truckmen

(Insurance for Non-Trucking use)

" 'Such insurance as is afforded by the policy for Bodily Injury Liability, for Automobile Medical Payments and for Property Damage Liability with respect to any automobile described below or designated in the policy as subject to this endorsement, does not apply:

" '(a) to any person or organization, or any agent or employee thereof, other than the named insured, engaged in the business of transporting property by automobile for others;

" '(b) while the automobile or any trailer attached thereto is used to

---

otherwise tending to establish estoppel or waiver, and your attention is called to Rule 8(c), F.R.C.P., relative to the necessity for alleging certain affirmative defenses, including estoppel and waiver.

"The mere fact that the Stasi Motor Freight, Inc., and the defendants Pitts and Daniels have denied certain allegations in the complaint does not in view of the specific allegations contained in the complaint as to the exclusions and the effect thereof create any genuine issue of fact. It seems to me that it is immaterial whether Pitts was an employee of Stasi if the exclusions applied, and that can only be determined by a consideration of the policy with its en-

dorsements and the determination of whether the equipment involved in the accident had been rented or leased to Stasi.

"In view of the situation created by the pleadings, I feel that an additional pretrial conference should be held, and for that reason I am setting this case for further pretrial on Monday morning, August 15, 1960, at 10:00 a.m., and shall expect all of you to be present and prepared to present any arguments that you may have on the validity of the exclusions contained in the policy. In the meantime, I shall be glad to receive any briefs that any of you desire to submit on the question."

carry property in any business;

" '(c) while the automobile is being used in the business of any person or organization to whom the automobile is rented.'

That as aforesaid the restrictions on liability as expressed in said endorsement and as hereinabove set out were in full force and effect and a part and parcel of said policy at all times mentioned herein.

## "VI.

"That on and prior to July 8, 1959, the defendant, M. E. Daniels, doing business as Rogers Oil Company, and hereinafter referred to as 'Daniels', leased to the defendant, Stasi Motor Freight, Inc., hereinafter referred to as 'Stasi', the above described tractor. On or about July 8, 1959, at approximately 11:00 o'clock P.M., the said tractor was involved in an accident at a time when it was being operated under said lease agreement by the said defendant Stasi acting by and through its servant, agent and employee, Richard F. Pitts, as the driver thereof. That at said time and place the tractor was being operated in the service of the said defendant Stasi, who was and is a common carrier, and was transporting property for hire in said service.

## "VII.

"That on said date of July 8, 1959, at approximately 11:00 P.M., the said tractor then being operated by the said Richard F. Pitts as the agent, servant, and employee of the defendant Stasi, was involved in an accident as aforesaid on Highway 71 in Crawford County, Arkansas, with a motor vehicle then being operated by Argus A. Sindle. That as a result of said accident, the said Argus A. Sindle received injuries and as a consequence thereof later died. That accompanying the said Argus A. Sindle in said motor vehicle at the time of the collision were the minor defendants, Betty Jo Sindle and Shelba Jean Sindle, and they received personal injuries."

It was further alleged that defendant, Mrs. Thelma S. Sindle, individually and as administratrix of the estate of Argus A. Sindle, deceased, for the benefit of herself, the estate of the deceased and the next of kin, filed her complaint in the Crawford County Circuit Court against Stasi, Daniels and Richard F. Pitts, seeking damages on account of the injuries and death of the said Argus A. Sindle. Attached to the complaint is a copy of the various pleadings filed by the parties in the Circuit Court. It does not appear necessary to refer further to the pleadings in the State Circuit Court as to the issues between the various parties made by the pleadings in the case.

That upon the filing of the said complaint in the Circuit Court, the defendants Daniels, as the named insured, and Pitts, as an alleged agent of Daniels, tendered liability thereunder, if any, to the plaintiff by virtue of said policy hereinbefore referred to; that the plaintiff is under no duty to defend and is under no liability for any cause of action as set out in the suit in the Circuit Court or on account of the accident; that all of the acts of the parties involved in said accident and said accident were wholly without the terms of said liability insurance policy, and all liability under and by virtue of same are excluded from the policy; that upon the tender of the defense of said case by the defendants Daniels and Pitts, the plaintiff addressed by registered mail its letter reserving all its rights under its policy and that such action on the part of the plaintiff was effective to reserve to it all its rights as expressed in said policy.

In the answer filed by Stasi, the defendant admitted that prior to July 8, 1959, the date of the accident, Daniels had leased to Stasi the trailer involved in the accident, and that on said date at approximately 11:00 p. m. the tractor was being driven by defendant Pitts. However, Stasi specifically denied that

the defendant Pitts was its servant, agent or employee.

In its response to the motion of plaintiff for summary judgment, Stasi alleged that the pleadings on file present a genuine issue of material facts to be tried, and the plaintiff is not entitled to a summary judgment as a matter of law. Stasi further alleged in said response "that the exclusion urged by the plaintiff, upon which it bases its motion for summary judgment, was inoperative at the time and place in question, and further alleges and states that the plaintiff has, by its acts and conduct, waived any and all claimed exclusions."

In the answer of defendants Pitts and Daniels, it is admitted that the plaintiff issued "Comprehensive Automobile Liability Policy Number SLA 4739938," and that among other vehicles scheduled in the policy was one "1954 model, International tractor, 5CA Serial No. (Motor No.) RD45037950"; that prior to July 8, 1959, Daniels had entered into a lease with defendant Stasi concerning certain equipment; that on said date the tractor in question was involved in an accident while being driven by the defendant Richard F. Pitts.

In paragraphs VII and VIII the defendants Pitts and Daniels further alleged:

### "VII.

"Pleading further and without admitting any allegations of plaintiff's complaint, excepting those previously admitted in this pleading, the defendants, Richard F. Pitts and M. E. Daniels, d/b/a Rogers Oil Company, allege and state that the plaintiff has, by and through the acts of its duly authorized agents, servants and employees, waived any defenses, endorsements and exclusions as alleged by plaintiff in its complaint, including Paragraphs V, XI and XII of plaintiff's complaint.

### "VIII.

"Pleading further and without admitting any allegations of plaintiff's complaint, excepting those previous-

ly admitted in this pleading, the defendants, Richard F. Pitts and M. E. Daniels, d/b/a Rogers Oil Company, allege and state that the plaintiff, by reason of the acts of its servants, agents and employees, is estopped to assert the defenses, endorsements and exclusions heretofore alleged by plaintiff in its complaint, including Paragraphs V, XI and XII of plaintiff's complaint."

As heretofore stated, the defendants Pitts and Daniels filed their motion for summary judgment and to dismiss the complaint of the plaintiff, but a cursory examination of that motion in connection with the uncontradicted facts convinces the court that there is no merit in the motion of the defendants Pitts and Daniels, and said defendants are not now contending that they are entitled to a summary judgment but are contending that plaintiff is not entitled to judgment on its motion.

The motion of the plaintiff, the Travelers Insurance Company, was based upon (1) copies of the depositions of the defendants Daniels and George Stasi taken in the case that is now pending in the state court; (2) admissions of the defendant Stasi in his answer; and (3) admissions by the defendants Pitts and Daniels in their motion for summary judgment and to dismiss.

It is admitted by all the parties that, by endorsement No. 1721A(a6), the policy was amended on May 26, 1959, the date of the issuance of the policy, as follows:

"It is agreed that as of the effective date hereof the policy is amended in the following particulars:

### "Truckmen

(Insurance for Non-Trucking Use)

"Such insurance as is afforded by the policy for Bodily Injury Liability, for Automobile Medical Payments and for Property Damage Liability with respect to any automobile described below or designated in the policy as subject to this endorsement, does not apply:

"(a) to any person or organization, or any agent or employee thereof, other than the named insured, engaged in the business of transporting property by automobile for others;

"1721A (b) while the automobile or
(A 6) any trailer attached thereto is used to carry property in any business;

"(c) while the automobile is being used in the business of any person or organization to whom the automobile is rented."

That the particular tractor involved in the accident had been leased and at the time of the accident was being operated by Stasi in his business as a common carrier.

In the depositions of Daniels and Stasi, they very frankly testified that the tractor had been leased for sometime to Stasi and was being driven by the defendant Pitts, who was an employee of Daniels. Under the terms of the lease, according to the depositions, Daniels, for the same consideration, furnished to Stasi a driver for the tractor. When the accident occurred, the tractor was pulling a trailer owned by Stasi and was returning from Little Rock, Arkansas, to Kansas City, Missouri, with a short load of merchandise for delivery to a patron of Stasi in Kansas City, Missouri.

The lease was not introduced in evidence by any of the parties, but for the determination of the issues now before the court, it is not necessary to construe the lease or to determine and declare the respective rights and obligations of Daniels and Stasi under the lease.

When it was admitted at the first pretrial conference that the tractor involved herein and owned by Daniels had been leased or rented to Stasi, it appeared from the record then before the court that the insurance policy did not afford any protection to defendant Daniels in view of the exclusions hereinbefore referred to. For that reason, the Judge of this court addressed the letter of August 2 to the attorneys (footnote 1), and suggested that if the defendants desired to further resist the granting of the motion for summary judgment, they proceed to complete their record and file affidavits or other documents in support of their claim that the plaintiff had waived the exclusionary clauses contained in the policy and was, therefore, estopped from asserting nonliability. As a result of the letter, a further pretrial conference was held, as hereinbefore stated, on August 15, and at that time the defendant Daniels did not tender any affidavits or other documents, but did introduce the original policy which contained the exclusionary endorsement above set forth. He also introduced a letter dated May 29, written by A. G. Sykes, an employee of Walker Brothers, Inc., the general insurance agent that wrote the policy, enclosing a port of entry card authorizing the operation of the tractor by the defendant Daniels in the State of Kansas. The port of entry card, which is a part of Exhibit 2 of Daniels, is as follows:

"Kansas Port of Entry
"Identification          No. 22752
"This is to certify that the vehicle described herein is insured under Policy No. SLA–4739938, issued to M. E. Daniel DBA Rogers Oil Company by the Travelers Insurance Company, Hartford, Connecticut, in the limits of 25/100/10 effective June 7, 1959, and expiring June 7, 1960, coverage under said policy applying throughout the State of Kansas. It is understood and agreed that cancellation of this policy shall not take effect until after ten (10) days' notice in writing, by the company, shall have first been given to the Kansas Port of Entry Board, at its office at Topeka, Kansas, said ten (10) days' notice to commence from the date notice is actually received at the office of the Board.

"Description of the Vehicle

Herein Certified

"1954        International   Tractor        RD45037950
"Year        Trade Name    Type of Vehicle   Motor No.

"The Travelers Insurance
Company
"By /s/ A. G. Sykes

"Representative or Agent."

There is attached to the policy an endorsement, No. 1721A(M21), relative to the operation of the vehicle in the State of Kansas. The first paragraph of the endorsement is as follows:

"It is understood and agreed that the policy to which this endorsement is attached is written in pursuance of and such policy shall fulfill the insurance requirements of section 66-1, 128 General Statutes of Kansas 1935, or as may be hereafter amended, and the rules and regulations of the State Corporation Commission adopted thereunder with respect to liability for injuries to persons (except employees of the assured injured in the course of their employment) and for damage to property (except cargo). The obligations and promises of this endorsement, however, shall be effective only while the equipment covered by this policy is being operated within the State of Kansas."

The plaintiffs in the state court are not seeking protection guaranteed by any statute of the State of Kansas. The accident happened in the State of Arkansas, and since the jurisdiction of this court depends upon diversity of citizenship and the amount involved, the substantive law of Arkansas governs.

In Employers' Liability Assur. Corp. v. Maryland Cas. Co., 7 Cir., 1956, 230 F.2d 370, at page 372, the court, in discussing a port of entry identification, said:

"Employers' next point is the 'Illinois Truck Act Endorsement' conflicts with the endorsement in issue and, therefore, creates an ambiguity. The 'Illinois Truck Act Endorsement' was framed to meet Sec.

16 of the Illinois Truck Act, S.H.A., ch. 95½, § 253. It covers accidents happening in Illinois. This suit is not by an injured person who seeks the protection guaranteed by the Illinois Statute. We hold no ambiguity is created by the Illinois Truck Act Endorsement."

The fact that the plaintiff by the endorsement authorized the operation of the tractor in the State of Kansas by proper endorsement is not material to the determination of the questions before the court.

Daniels testified that he thoroughly understood that the tractor was not covered by the insurance while it was being operated by Stasi under the rental or lease agreement, and there was nothing in the testimony of Daniels or in the exhibits introduced by him which indicated in any manner that he was led to believe that the tractor was covered by the insurance while it was being operated by Stasi.

On the other hand, Daniels introduced Exhibit 3, and an examination of that exhibit in connection with his ore tenus testimony discloses that Walker Brothers, Inc., the general agent of plaintiff began discussing with Daniels on April 17, 1959, the terms and conditions of the policy which it was contemplated by Daniels and the plaintiff would be issued and delivered. On that date, Mr. A. G. Sykes, an employee of the insurance general agent, called at the office of Daniels in Rogers, Arkansas, and there compiled a list of the equipment of Daniels, and in that list the tractor is described as: "1954 International Tractor, M#RD-45037950—Leased to Stacy (sic)."

Following the compilation of the list of the equipment, the policy was issued by Walker Brothers, Inc., on May 26, 1959, effective from June 7, 1959, to June 7, 1960, and the exclusionary provisions relied upon by plaintiff were incorporated in and made a part of the policy at the time it was issued.

Without doubt Daniels knew that the insurance on the particular tractor was

not effective as long as the tractor was under lease.

█ The defendants Pitts, Daniels, and Stasi have utterly failed to submit any proof, documentary or otherwise, that the plaintiff, through the issuing agent or any employee of such agency, waived the provisions of the policy and that the plaintiff is estopped from asserting nonliability under the express provisions of the policy exempting it from liability under the undisputed facts.

The mere allegations contained in the pleadings to the effect that the plaintiff waived the provisions of the policy are not sufficient to withstand a motion for summary judgment which is supported by a prima facie showing that no genuine issue of material fact exists.

In Marion County Co-Op Ass'n v. Carnation Co., 8 Cir., 1954, 214 F.2d 557, at page 561, the court stated the question as follows:

> "Is a general allegation in a complaint, standing alone, sufficient to withstand a motion for summary judgment supported by a prima facie showing that no genuine issue of material fact exists?"

It answered the question by stating:

> "Courts, including our own, which have considered this question have uniformly answered it in the negative. In Durasteel v. Great Lakes Steel Corp., supra, it was said [205 F.2d 441], 'If it is made clearly to appear on such a motion that even though there is an issue under the pleadings there is in fact no dispute as to the controlling material facts, then the court should enter summary judgment.' Cf. Hurd v. Sheffield Steel Corp., supra. The reason for the rule is apparent. Rule 56 would be rendered useless were the allegations of the pleadings to be determinative of a motion for summary judgment. Lindsey v. Leavy, 9 Cir., 1945, 149 F.2d 899; Engl v. Aetna Life Ins. Co., 2 Cir., 1943, 139 F.2d 469; Surkin v. Charteris, 5 Cir., 1952, 197 F.2d 77; Hisel v. Chrysler Corp., D.C.W.D., Mo.1951, 94 F. Supp. 996. Also see and compare Radio City Music Hall Corp. v. United States, 2 Cir., 1943, 135 F.2d 715; Gifford v. Travelers Protective Ass'n of America, 9 Cir., 1946, 153 F.2d 209."

See also Rubenstein v. Dr. Pepper Company, supra.

Since the court has found that under the undisputed facts there was no waiver of the provisions of the policy by the plaintiff or by its general agent, and that plaintiff is entitled to a judgment as a matter of law, it is unnecessary to discuss the proximate cause of the injuries for which the plaintiffs in the state court are seeking to recover judgment against the defendants Pitts, Daniels and Stasi, for the reason that the plaintiff and Daniels, when they expressed the extent of coverage under the policy, specifically provided that insurance under the policy is not provided or does not apply "(c) while the automobile is being used in the business of any person or organization to whom the automobile is rented." Thus, under the exclusion clause of the policy, proximate cause of damages sought to be recovered in the state court action is not an element to be considered. See Maryland Cas. Co. v. Morrison et al., 10 Cir., 1945, 151 F.2d 772; Commercial Standard Ins. Co. v. Gilmore, Gardner & Kirk Oil Co. et al., 10 Cir., 1946, 157 F.2d 929.

█ The contention of counsel for defendants that the plaintiff, through its duly authorized general agent, was authorized to waive the provision of the policy, and that the provisions were in fact waived, is based upon a misconception of the law of Arkansas. It is true that a general agent who has authority to issue policies of insurance for a company usually has authority to waive conditions of the policy.

In Camden Fire Ins. Ass'n v. Grubbs, 133 Ark. 202, 202 S.W. 820, the court at page 205 of 133 Ark., at page 821 of 202 S.W. said:

> "Hite had authority to issue policies of insurance for the company

and as such agent had authority to waive conditions in the policy. Home Fire Ins. Co. v. Wilson, 118 Ark. 442, 176 S.W. 688, L.R.A. 1918E, 409; Arkansas Mutual Fire Ins. Co. v. Claiborne, 82 Ark. 150, 100 S.W. 751; German-American Ins. Co. v. Harper, 75 Ark. 98, 86 S.W. 817; Phoenix Ins. Co. v. Public Parks Amusement Co., 63 Ark. 187, 37 S.W. 959, and Concordia Fire Ins. Co. v. Mitchell, 122 Ark. 357, 183 S.W. 770."

It may be conceded that under the law of Arkansas a general agent of an insurance company has the power to waive any condition inserted in a policy for the benefit of the insurer and that forfeitures are not favored in law. The courts have held that any agreement, declaration or course of action on the part of an insurance company which leads a party insured honestly to believe that by conformity thereto, a forfeiture of his policy will not be incurred followed by due conformity on his part, will estop or ought to estop the company from insisting on a forfeiture, though it might be claimed under the express letter of the contract. Southern Farmers Mut. Ins. Co. v. Garrett, 1947, 212 Ark. 577, 206 S.W.2d 463; Service Fire Ins. Co. v. Payne, 1951, 218 Ark. 499, 236 S.W.2d 1020. But it is the well-settled law in Arkansas that the doctrine of waiver or estoppel cannot be asserted to extend coverage under a contract in which coverage was excluded by specific language. Miller v. Illinois Bankers' Life Ass'n, 1919, 138 Ark. 442, 212 S.W. 310, 7 A.L.R. 378; Hartford Fire Ins. Co. v. Smith, 1940, 200 Ark. 508, 139 S.W.2d 411; Metropolitan Life Ins. Co. v. Stagg, 1949, 215 Ark. 456, 221 S.W.2d 29; Bankers National Ins. Co. v. Hemby, 1950, 217 Ark. 749, 233 S.W.2d 637. In the Hemby case, the court, beginning at the bottom of page 754 of 217 Ark., at page 640 of 233 S.W.2d, said:

"The rule is that, while a forfeiture of benefits contracted for may be waived, the doctrine of waiver or estoppel cannot be invoked to extend the coverage and thereby bring into existence a contract not made by the parties. Miller v. Illinois Bankers Life Ass'n, 138 Ark. 442, 212 S.W. 310, 7 A.L.R. 378; Hartford Fire Ins. Co. v. Smith, 200 Ark. 508, 139 S.W.2d 411; 45 C.J.S. Insurance, § 674a. Cases pointing out this well recognized distinction are collected in an annotation in 113 A.L.R. 857."

The federal courts in Arkansas and the United States Court of Appeals for the Eighth Circuit have had occasion to consider this question in Standard Accident Ins. Co. v. Roberts, 8 Cir., 1942, 132 F.2d 794; American Cas. Co. v. Harrison, D.C.W.D.Ark.1951, 96 F.Supp. 537; Kinard v. Mutual Benefit Health & Accident Ass'n, D.C.W.D.Ark.1952, 108 F.Supp. 780; Montgomery v. M. F. A. Mutual Ins. Co., 8 Cir., 1957, 250 F.2d 357. In the Montgomery case, the court at page 361 said:

"* * * In any event, coverage may not be extended beyond the coverage of the policy by waiver or estoppel." (Citing cases.)

In 29A, Am.Jur., Insurance, Sec. 1135, page 289, it is stated:

"The rule is well established that the doctrines of implied waiver and of estoppel, based upon the conduct or action of the insurer, are not available to bring within the coverage of a policy risks not covered by its terms, or risks expressly excluded therefrom, and the application of the doctrines in this respect is therefore to be distinguished from the waiver, or estoppel to assert, grounds of forfeiture."

Under the undisputed facts, the plaintiff, the Travelers Insurance Company, is not liable under its policy for any injuries arising from the operation of the tractor which was leased by the insured, Daniels, to Stasi.

A judgment is being entered today granting the motion of plaintiff for summary judgment (1) that the plaintiff is under no duty to defend the suit filed in the Crawford County Circuit Court,

Case No. 6820, by Mrs. Thelma S. Sindle, individually and as administratrix of the estate of Argus A. Sindle, and as mother and next friend of certain minor plaintiffs, against Stasi Motor Freight, Inc., M. E. Daniels, d/b/a Rogers Oil Company, and Richard F. Pitts; (2) that the plaintiff is under no duty to defend any action which may be brought against M. E. Daniels to recover damages arising out of the accident which occurred on July 8, 1958, and in which the 1954 model International Tractor, Serial Number (Motor Number RD45037950, was involved; and (3) that the accident involved herein, and as alleged in the suit in the Crawford County Circuit Court, was not covered by the policy of insurance issued by plaintiff on May 26, 1959, to the defendant M. E. Daniels, d/b/a Rogers Oil Company.

Also, judgment denying the motion of the defendants, Richard F. Pitts, and M. E. Daniels, d/b/a Rogers Oil Company, for summary judgment is being entered today.

No costs are allowed to any party, and all parties shall pay the costs incurred by them.